James J. Conroy, J.
The plaintiff herein seeks injunctive relief restraining each of the defendants from using any clothes washing machines in their respective apartments. The plaintiff also claims damages which it alleges has been suffered by reason of the maintenance of these machines in the respective apartments of the named defendants.
The defendants are all tenants and stockholders of the plaintiff corporation. The plaintiff corporation is a true co-operative development. The tenant-owners elect their own board of governors who manage and operate the property and make rules and regulations concerning such management. Each of the tenant-owners, before the occupancy of his apartment, signed an occupancy agreement which provided that the member tenant covenanted that he would preserve and promote the mutual ownership principles on which the corporation had been founded and that he would abide by the charter, the by-laws, and the rules and regulations of the corporation, and by his acts of co-operation with its other members bring about for himself and *184 his co-members a high standard in home and community conditions.
I find from the evidence in this case that prior to the occupancy of each of these tenants, they were advised by letter, dated August 5, 1954, that since the buildings were equipped with laundry machines, washing machines would not be permitted in any apartment. The by-laws of the corporation provide that the business of the corporation shall be managed by a board of directors and that such board shall make all necessary rules and regulations, among other things, for the management of the housing project. The board of directors, after the occupancy of the buildings by the stockholders, was duly elected and thereafter at a meeting held on February 2, 1955, gave unanimous approval of the rules and regulations prepared by the management committee. One of such rules provided that stockholders are not permitted to have or to use a washing machine in their apartments. Thereafter and on March 16, 1955, the board of directors fixed the date of March 26, 1955, as the date that all washing machines must be removed 'from the apartments. Pursuant to the charter and the by-laws of this corporation, the board of directors had the right to make the rules and regulations concerning the maintenance and operation of the buildings.
The defendants contend, as part of the defense of this action, that the resolution of the board of directors was arbitrary, illegal and void. The only question that remains is whether or not such resolution was arbitrary.
Evidence was introduced by both sides concerning the use of these machines. The defense, in almost each instance of testimony, contended that the use of the machines which were provided in the basement for washing, drying and extraction, and which were available to all of the tenants of the buildings, was inconvenient. On the other hand, it was shown that the use of the washing machines in the respective apartments caused a back-up of water into the kitchen sink, the toilet, the bathtub, on occasions in apartments below the apartment in which the washing machine was used; that there would be a tendency, by the use of these machines in the respective apartments, to cause clogging in the waste lines; that there was a noise emanating from the operation of these macMnes which was annoying to some of the other tenants; and that there was a vibration from the operation of these machines that caused cracks in the ceiling and, in one instance, caused plates on a shelf in the apartment below to be jarred loose and fall to the floor. The *185 convenience of these 21 tenant-owners and their families certainly may not be considered above the convenience of the remaining 367 tenants, and the resolution of the board of directors was neither arbitrary nor unreasonable under the circumstances of this case.
I find, therefore, that the plaintiff is entitled to a judgment restraining the defendants from the use of their washing machines, as prayed for in the complaint herein. The plaintiff offered no proof concerning any damages sustained and agreed that that part of the complaint would be withdrawn.
Settlement judgment on notice, without costs.