■ DONALD AMORUSO et al., Appellants, v. BOARD OF MANAGERS OF WESTCHESTER HILLS CONDOMINIUM, Respondent.— In an action for an injunction, plaintiffs appeal from a judgment of the Supreme Court, Westchester County,

dated February 23, 1971 and made after a nonjury trial, which adjudged that defendant's decision to construct a basketball court in the condominium housing development in question was not in violation of its by-laws or of article 9-B of the Real Property Law and was not arbitrary or capricious. Judgment affirmed, with $10 costs and disbursements. Plaintiffs are individual unit owners of condominium apartments in the Westchester Hills Condominium located in Elmsford, New York. The property is governed by the defendant Board of Managers elected under by-laws as required by sections 339-u and 339-v (subd. 1) of the Real Property Law. Those sections are part of article 9-B of the Real Property Law, which article is known as the Condominium Act. The action complained of consisted in the construction of a basketball court on the property in the vicinity of plaintiffs' units. The construction was undertaken pursuant to a by-law of the condominium which provides: "Any additions, alterations or improvements costing $5,000 or less may be made by the Board of Managers without approval of the Unit owners and the cost thereof shall constitute part of the common expenses." The cost of the basketball court was approximately $500. Plaintiffs argue that the above-quoted by-law is invalid on its face in granting to the board the power to violate provisions of the Condominium Act, specifically, section 339-v (subd. 1, par. [i]) of the Real Property Law, which requires prohibitions, to be contained in by-laws, against unreasonable interference with the use of units and common property of individual owners, and section 339-k of the Real Property Law, which prohibits individual unit owners from adding any material structure without the consent of all of affected owners. This argument is without merit. The by-law in issue is expressly authorized by section 339-v (subd. 2) of the Real Property Law, which provides, *inter alia*: "The by-laws may also provide for the following: * * * (b) Provisions governing the payment, collection and disbursement of funds * * * to provide for * * * additions, improvements * * * and similar purposes." Thus, the board's action was reasonable and was taken pursuant to a lawful by-law. In our opinion, such a by-law is not rendered invalid on its face merely because it may, under particular circumstances, be exercised arbitrarily or capriciously or in such a way as to violate other provisions of law. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.