Lorene RYAN, Plaintiff-Respondent,

v.

Pierre J. BAPTISTE et al.,
Defendants-Appellants.

No. 38667.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 18, 1978.

Stephen C. Murphy, Cook & Murphy, Clayton, for defendants-appellants.

Lorene Ryan, pro se.

REINHARD, Judge.

Defendants, Members of the Board of Managers of the Burtonwood Manor Condominium, have appealed from a judgment of the Circuit Court granting a mandatory injunction against them and denying their counterclaim for damages. The defendants were ordered to remove locks from the doors of the exterior entrance-ways of the building in which plaintiff's condominium unit was located. Following several occurrences of vandalism and theft, defendants installed locks on the entrance-ways. Keys were provided to unit owners. Plaintiff objects to installation of the locks arguing that the presence of the locks infringed on the easement rights granted in the condominium By-Laws. In addition to granting injunctive relief to plaintiff, the court ruled against defendants on their counterclaim for damages to the locks and doors allegedly caused by plaintiff.

Burtonwood Manor Condominium was created by filing a "Declaration of Condominium By-Laws and Indenture" with the Office of the Recorder of Deeds of St. Louis County, pursuant to § 448.010, RSMo.1969. Plaintiff is one of the original purchasers and owned one of eight units in building 29 of the Burtonwood complex. The By-Laws provide for administration of the condominium by a nine-member Board of Managers. Article 7.1(n) states that among the powers and duties of the Board of Managers are "Promulgation of administrative rules and regulations and such reasonable rules and regulations as it may deem advisable for the use, operation, maintenance, conservation and beautification of the 'Common Elements' and for the health, comfort, safety, and general welfare of the unit owners and occupants of said property".

Easements in and to all common elements are granted to unit owners in § 4.2 of the By-Laws. Maintenance and repair of the common elements is a duty reserved to the Board of Managers in § 7.1(e) of the By-Laws. Any structural alterations deemed "necessary or proper for the maintenance and operation of the property" may be undertaken by the Board "for the benefit of all unit owners" under § 7.1(f) of the By-Laws.

Plaintiff has since sold her condominium unit and no longer lives in Burtonwood. However, live issues remain. Defendants posted a bond pending this appeal, and plaintiff might assert a claim against defendants for damages incurred during the pendency of the appeal and prior to the sale of her unit if the appeal is dismissed for mootness. See *Morrison v. Hess*, 231 S.W. 997 (Mo. banc 1921). There also remains the matter of defendants' counter-

claim against plaintiff. The case is not moot and we will decide it on the merits. *Adamick v. Ferguson-Florissant School District*, 483 S.W.2d 629 (Mo.App.1972).

■ This case requires a consideration and balancing of rights of the individual unit owner and of the entire residential community. Members of the Board of Managers are elected by the condominium owners to oversee and protect the rights and interests of the community at large. Accordingly, the Board is vested with considerable discretion with which to execute its managerial and administrative responsibilities. The individual unit owner, though extended certain rights and responsibilities, does not possess absolute control over his own property common to all owners. The condominium By-Laws represent a form of private law making, and individual owners come together and agree to subordinate some of their traditional individual ownership rights and privileges when they choose this type of ownership experience.

"[I]nherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization."

*Hidden Harbour Estates, Inc. v. Norman,* 309 So.2d 180, 181–82 (Fla.App.1975).

■ The Board of Managers of Burtonwood is the designated decision-making body of the condominium association and exercises broad discretion in the maintenance and operation of the development. Nevertheless, the Board is not at liberty to promulgate arbitrary and capricious rules which bear no relationship to the health, happiness and enjoyment of life of the unit owners. Thus, in reviewing the action of the Board in this case, we believe the standard to be applied is reasonableness. *Hidden Harbour Estates, Inc. v. Norman, supra.* See also *Forest Park Cooperative, Inc. v. Hellman,* 2 Misc.2d 183, 152 N.Y.S.2d 685 (1956); *Amoruso v. Board of Mgrs. of Westchester Hills Con.,* 38 A.D.2d 845, 330 N.Y. S.2d 107 (1972).

■ Applying this standard, we conclude the installation of the locks on doors providing entry to common passageways of the condominium building was a reasonable exercise of the Board's authority. The need for locked entranceways was indicated by several reports of vandalism and theft. While the locks could be expected to create a minor inconvenience, it cannot be concluded they in any way interfered with residents' easement rights or constituted an unreasonable infringement upon their use and enjoyment of the premises. Rather, the decision to install the locks was a reasonable attempt to increase the security and thereby protect the rights and interests of the residential community.

The injunction must be dissolved, and in view of our determination that the action of the Board was reasonable, the trial court's judgment in favor of plaintiff on defendants' counterclaim must be reversed. The cause is remanded with instructions to dissolve the injunction and enter a judgment for defendants on plaintiff's petition. Defendants' counterclaim is remanded for a new trial.

STEWART, P. J., and SIMEONE, C. J., concur.