DELL, Judge.
Rose Thaller appeals from the judgment of foreclosure of lien for non-payment of a special assessment, imposed by appellee, Waterford Point Condominium Association.
The developer of the condominium held a long term lease on the recreational facilities. The terms of the lease granted appel-lee an option to purchase the recreational facilities upon approval by 75% of the voters of appellee. At a properly noticed special meeting the unit owners voted either in person or by proxy. Seventy-eight percent of the membership voted in favor of purchasing the recreational facilities, thirteen percent voted against the purchase, and nine percent abstained. Following the unit owners’ approval of the purchase of the recreational facilities, appellee assessed each unit its proportionate share of the purchase price. When appellant failed to pay the assessment, appellee filed a claim of lien against her condominium unit. Appel-lee then filed its complaint in foreclosure, to which appellant raised affirmative defenses and filed a compulsory legal counterclaim, contending that the filing of the claim of lien constituted slander of title. Appellant demanded jury trial on all issues so triable.
The court heard the equitable foreclosure first, finding that the slander of title claim would fail if the foreclosure action terminated favorably to appellee. At the conclusion of trial, the judge found in favor of appellee on all issues.
Appellant presents four points for consideration: whether appellee had the power to purchase these facilities and assess her therefor; whether the trial judge erred by trying the equitable claim to the court before trying the legal counterclaim to the jury; whether the trial judge imposed an improper burden of proof upon her at the trial of the foreclosure suit; and whether the trial judge improperly imposed certain costs upon her.
Appellant’s first point is moot. We ruled in favor of appellee on this issue in Waterford Point Condo. Apts. v. Fass, 402 So.2d 1327 (Fla. 4th DCA 1981).
This Court succinctly stated the rules governing the order in which claims should be tried in Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla. 4th DCA 1971).
It has been held that if a compulsory legal counterclaim entitles the counter-claimant to a jury trial on issues which are not common to any issue made by the equitable complaint, the trial court should proceed to try the equitable issue nonjury with appropriate provision made for a jury trial as to the law issues if disposition of the equitable issues does not conclude the case, [citation omitted]. But where the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the later one, such issues may not be tried nonjury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury, [citation omitted] [emphasis added].
In her counterclaim, appellant alleged that appellee “failed to receive the required *169 percent of approval votes” to acquire this property. Since the validity of the claim of lien rests upon proper approval of the proposal to purchase the recreational facilities, it would seem on cursory examination that whether adequate approval votes existed presented a jury issue because of questions of fact common to both the equitable claim and legal counterclaim. On closer scrutiny, however, appellant’s claim rests on asserted irregularities in certain proxies, which appellant asked the court to invalidate. Invalidation of proxies falls within the court’s equity jurisdiction. See Belcher v. Schilling, 309 So.2d 32 (Fla. 3d DCA 1975), cert. den., 318 So.2d 404 (Fla.1975); Pearson v. First Fed. Savings & Loan Ass’n, 149 So.2d 891 (Fla. 2d DCA 1963). Thus, there existed no common issue of fact, triable to the jury as a matter of right, and this court must affirm. See Firestone v. Firestone, 263 So.2d 223 (Fla.1972).
Appellant also contends that the court imposed an improper burden of proof upon her. The trial judge stated that when a party attacks the validity of a corporate vote, the court presumes, in the absence of evidence to the contrary, that the proxies presented and voted were executed properly and given by persons entitled to vote. The judge found that appellant did not overcome this presumption. Appellant relies on Nationwide Mutual Ins. Co. v. Griffin, 222 So.2d 754 (Fla. 4th DCA 1969), as support for her argument that the court imposed an improper burden upon her. That is, she contends that she had only the burden of mere production, rather than persuasion. We disagree. Even if the appellant introduced evidence sufficient to destroy tjie presumption in favor of appellee, this did not raise a new presumption of invalidity in her favor. Rather, under Nationwide the court must determine the issue on the evidence as though no presumption had ever existed. Appellant raised irregularity of proxies in her affirmative defense and counterclaim. The Nationwide case does not operate to shift to appellee the burden to disprove appellant’s affirmative claims. We have examined the evidence and hold it insufficient to invalidate the proxies in question.
Finally appellant contests the amount of the judgment. The court properly assessed attorney fees, but we perceive an error in the award of principal and interest. Article XI, Section 11 of the Declaration of Condominium provides:
(a) Interest: Application of Payments. Assessments and installments thereof paid on or before ten (10) days after the date when due shall not bear interest but all sums not paid on or before ten (10) days after the date when due shall bear interest at the rate of ten (10%) percent per annum and all costs incident to the collection and the action, suit or proceedings, .... (emphasis added).
Similarly, the Claim of Lien provides for the recovery of the principal amount ($6,675.47), plus interest at the rate of 10%, a reasonable attorney’s fee and the costs incurred by the Association for collection of the assessment and filing of the Claim of Lien. However, appellee introduced evidence of the principal amount, interest at 10% ($l,8289/day) and also appellant’s proportionate share costs incident to the bank loan which appellee took to cover unpaid assessments, together with 10% interest thereon, and appellant’s proportionate share of interest on the bank loan, at 12% per annum.
By our calculations, the principal amount plus interest at 10% from the due date to the date of final judgment amounts to $8,823.60. In his final judgment, the trial judge awarded appellee principal and interest in the amount of $11,918.80. We find this award erroneous. Appellee has limited itself to 10% interest in the Declaration of Condominium, and the Claim of Lien does not assert entitlement to other interest charges as damages. Accordingly, we reverse and remand for correction of the final judgment, which shall not include any interest or costs incident to the execution of the bank loan.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.