Bonnie Lee **PORTER**, Respondent,

v.

**HAWKS NEST, INC.**, et al., Appellant.

No. 45740.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 13, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 1983.

Application to Transfer Denied Nov. 22, 1983.

Managers from interfering with her use of a specifically identified carport within the condominium complex and granting her nominal damages of $10 for previous interference with such use and her attorney's fees of $2,422.50. Defendant appeals. We reverse in all respects.

When she purchased her unit in 1974, plaintiff apparently received assurances from the builder-developer that she would be permitted to use a carport. The carports and other parking areas within the complex are part of the common elements of the condominium. Plaintiff's sale contract and deed made no mention of any special arrangement between plaintiff and the developer concerning her use of a particular carport. She, nevertheless, had exclusive use of one carport until 1976, when she was assigned another which she used until 1980. In November of 1980, plaintiff was notified by the Board of Managers that the carport she had been using was reassigned to another unit owner and that she had been assigned a space in the general parking area. The basic problem was occasioned by the fact that in plaintiff's portion of the condominium complex there are fifty dwelling units but only ten carports. The builder-developer has since declared bankruptcy and the condominium is administered by a Board of Managers through the defendant, a not-for-profit corporation.

Defendant asserts that the trial court erred in granting the injunction. We agree. The carports are concededly part of the "common elements" of the condominium, that is to say, portions of the property other than the units. See § 448.010(1), RSMo 1978. The effect of the injunction is to award to one unit owner, plaintiff, an exclusive right to what belongs to all. Such an effect is clearly contrary to § 448.070, RSMo 1978, which provides in part:

As long as the property is subject to the provisions of this chapter the common elements shall ... remain undivided, and no unit owner shall bring any action for partition or division of the common ele-

Richard D. Sabbert, St. Charles, for appellant.

Fred Roth, St. Louis, for respondent.

STEPHAN, Judge.

Plaintiff, a unit owner in a condominium known as Hawks Nest, Inc., obtained a judgment in this court tried case against the condominium enjoining its Board of

ments. Any covenant or agreement to the contrary shall be null and void ....

Plaintiff argues that her action was not a formal action for partition. The argument is not persuasive for the reason that the judgment resulted in a prohibited "division of the common elements."

■ We also reject plaintiff's claim that the Declaration of Condominium, which was incorporated by reference in her deed, amounted to "a guarantee" of a carport. In support of this argument, she points to the language in Section 20.2 of the Declaration:

*Carports:* Each unit owner shall have the exclusive use of one carport as designated from time to time by the Board of Managers. Such carports are to be maintained, however, exclusively by the Board of Managers. This section and the provisions of § 18.2 hereof shall apply and be construed together.

Section 18.2, referred to in the foregoing, provides:

*Designation of Parking Spaces:* The Board of Managers (and the Developer prior to the election of the Board of Managers) shall have the right, from time to time, to assign the use of particular parking spaces for the benefit of unit owners. Such assigned spaces shall be made on a reasonable basis as may be designated by the Board of Managers. All unit owners owning similar units with similar parking facilities adjacent to or beneath their units shall be treated similarly. Nothing herein contained shall be construed to establish a contractual relationship between the unit owner and the Board of Managers or the Developer pertaining to the use of a particular parking space.

As indicated, only ten carports were constructed for the benefit of the fifty dwelling units in plaintiff's portion of the condominium, and any "guarantee" such as that read into the Declaration by the plaintiff became impossible of performance as to forty of the unit owners at any one time. Given the numerical realities, we believe that a fair reading of the above quoted sections of the Declaration compels the conclusion that the duty owed by the Board of Managers to each adjacent unit owner is the assignment to each of them for reasonable periods of time, on reasonable bases, the exclusive use of a carport as determined by the Board from time to time. Cf. *Ryan v. Baptiste,* 565 S.W.2d 196, 198 (Mo.App. 1978). In this case, plaintiff had the exclusive use of a carport for seven consecutive years, and she should not be heard to complain that the termination of the license after such period of time was unreasonable as to her.

■ Plaintiff, however, would use the fact of the duration of her possession as foundation for her next assertion: that the Board of Managers is estopped from reassigning her carport to another unit owner. The function of the doctrine of estoppel is not to effect a gain but to avoid a loss. *Shaffer v. Hines,* 573 S.W.2d 420, 422 (Mo. App.1978). If we were to hold it applicable in this instance, we would effectively be ruling that because other unit owners were denied—perhaps unreasonably—the use of plaintiff's carport for seven years, plaintiff has emerged with an indefeasible right to its use in perpetuity. Plaintiff's claim of estoppel is without merit.

Plaintiff may have a cognizable claim against the developer in this matter, but it is not one that may be vindicated by depriving fellow unit owners of their opportunity to use the carport in turn. The injunction must be dissolved and the status of the carport returned to that of common element of the condominium.

■ Defendant next claims that the trial court erred in awarding plaintiff nominal damages for breach of contract and attorney fees. As discussed above, Section 18.2 of the Declaration of Condominium provides in part, "Nothing herein contained shall be construed to establish a contractual relationship between the unit owner and the Board of Managers or the Developer pertaining to the use of a particular parking space." While such disclaimers should be viewed with caution, we see no reason to disregard this one as it relates to the Board

of Managers in view of the Board's clear authority to assign and reassign parking spaces in a reasonable manner. Plaintiff was entitled to no damages, for there was no breach of contract by the Board of Managers.

■ Finally, the award of attorney fees cannot stand. Attorney fees may be awarded to a successful litigant only where they are provided for by statute, by contract, or in such unusual instances where equity demands a balancing of benefits. *Gerst v. Flinn,* 615 S.W.2d 628, 631–632 (Mo.App.1981); *Osterberger v. Hites Construction Company,* 599 S.W.2d 221, 230 (Mo.App.1980). As we have determined, there was no breach of contract, and plaintiff cannot prevail; she is not entitled to attorney fees. Cf. *Stein v. James,* 651 S.W.2d 624, 628–629 (Mo.App.1983); *Burchett v. Burchett,* 572 S.W.2d 494, 504 (Mo. App.1978).

The judgment is reversed.

SIMON, P.J., and GAERTNER, J., concur.