443 So.2d 122 (1983)
Lee SCARFONE and Patricia Scarfone, Appellants,
v.
Hugh F. CULVERHOUSE and Joy Culverhouse, Appellees.
No. 83-83.
District Court of Appeal of Florida, Second District.
November 23, 1983.
Rehearing Denied January 16, 1984.
*123 T. Terrell Sessums and Carole A. Taylor of Sessums & McCall, Tampa, for appellants.
Grover C. Freeman and David P. Rankin of Freeman & Lopez, P.A., Tampa, for appellees.
HOBSON, Acting Chief Judge.
Lee and Patricia Scarfone, defendants below, appeal an order granting a mandatory injunction in favor of Hugh F. and Joy Culverhouse. We affirm.
On August 25, 1976, Hugh F. Culverhouse entered into a lease agreement with the Pinnacle Apartments Joint Venture to lease Penthouse Apartment No. 5 on the 19th floor in the Pinnacle Apartments. The lease agreement provided for improvements and remodeling which included enlarging the kitchen area and enclosing a portion of what was originally an open patio, extending the roof of the unit by approximately 20 feet. The lease agreement also included a provision for an option to purchase Penthouse Apartment No. 5. On June 3, 1977, Penthouse No. 5 and Balcony Penthouse No. 5 of the Pinnacle Apartments were conveyed to Hugh F. and Joy M. Culverhouse. On August 14, 1978, Penthouse No. 6 was conveyed to the Culverhouses. These three units comprise the entire 19th floor of the Pinnacle Apartments.
On January 24, 1980, title to Penthouse No. 1 located on the 22nd and 23rd floors of the Pinnacle Apartments was conveyed to Lee and Patricia Scarfone. It was the Scarfones' intention to make certain alterations to the apartment prior to moving in. One of these alterations included insertion of a window in the south wing wall of their penthouse. The Scarfones were informed by the realtor for the Pinnacle Apartments that these changes required approval of the Board of Directors of the condominium association. At Mr. Scarfone's request, the realtor then obtained a set of plans from Mr. Scarfone and explained them to several members of the Board of Directors. The realtor had performed similar services for the Richardsons who made changes to their condominium unit on the 17th floor. During a subsequent meeting of the Pinnacle Association, the Board discussed the building alterations to the condominium unit owned by Mr. Scarfone. According to the minutes of that meeting, Mr. Scarfone agreed to meet all the requirements put *124 forth by the Board prior to the commencement of construction. On May 13, 1980, the Board of Directors met again. The minutes of that meeting reflect that the Board, at a previous meeting, had authorized modifications to the condominium unit owned by the Richardsons and the Scarfones.
The Scarfones began construction of the window in the south wing wall of their condominium unit in the spring of 1981, after which Mr. Culverhouse filed a complaint against Mr. Scarfone requesting the court to enter an order requiring Mr. Scarfone to comply with the covenants of the Declaration of Condominium Ownership of the Pinnacle Apartments by restoring the exterior wall to its original condition. On October 25, 1982, the trial commenced and, thereafter, the trial judge entered an order granting a mandatory injunction. The trial court found the exterior wall of Penthouse Unit No. 1 to be a common element and further that the Board of Directors did not have authority to approve changes to the exterior of the building. The trial court also found that the Scarfones' estoppel argument, which was based upon certain changes made by the developer to the Culverhouse unit, was without merit. It is from that order that this appeal is taken.
On appeal, the Scarfones challenge these two findings by the trial court and raise the defense of selective enforcement. We have examined the first two points and find them to be without merit. The Scarfones argue, in their third point, that the trial court abused its discretion in awarding a mandatory injunction when there was selective enforcement of the condominium documents and where the equities favored the Scarfones. In support of their contention, the Scarfones urge that evidence was presented at trial that both the Culverhouses and the Richardsons made alterations to their units which affected the exterior configuration of those units. As to the alteration of the Culverhouse unit, we are convinced, as apparently was the trial court, that there is clear distinction between the remodeling of the Culverhouse apartment undertaken by the developer pursuant to the lease agreement and the remodeling that took place by the Scarfones after the purchase of their unit. Section 20(g) of the Declaration of Condominium[1] authorizes alterations of the type performed by the developer and, therefore, we do not address this point further. As to the Scarfones' claim that the issuance of the mandatory injunction against the Scarfones constitutes selective enforcement of the condominium documents because the modification of the Richardson unit was reviewed and approved by the Board at the same time as the modification made by the Scarfones was reviewed and approved, we cannot agree.
In the case at bar, no full description of the alterations made by the Richardsons was presented at trial. Thus, we are guided by the decision of our sister court in Schmidt v. Sherrill, 442 So.2d 963 (Fla. 4th DCA 1983), wherein the district court considered the interpretation and enforcement of a declaration of condominium and held in part that the record was devoid of competent substantial evidence to support the defense of selective enforcement. In Schmidt, the district court stated that the appellees could not cite other instances of glass enclosed balconies because they were the first to undertake such action. The defense of selective enforcement was, therefore, based on two contentions: 1) that several unit owners installed hurricane shutters which, when extended, enclosed the balcony area, and 2) that some unit owners utilized detachable cloth sun screens on their balconies. The district court stated that "neither of these conditions is sufficient to estop the association or any of its members from seeking legal *125 redress to prevent the extensive structural alterations involved here." Id. at 966. Similarly, in the instant case there was no showing in the record that the Richardsons' alteration of their unit was comparable to the type of modification made by the Scarfones to their condominium unit.
Accordingly, we hold that the trial court did not abuse its discretion in awarding a mandatory injunction because selective enforcement of the condominium documents was not shown to exist, and affirm the trial court's order.
AFFIRMED.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] Section 20(g) provides in pertinent part:

The Developer does hereby reserve the right to construct porch enclosures with windows for a period of 15 years from the date hereof, as an alteration or addition to each of the condominium units without the express or implied consent or approval of the Association, provided, however, it is done by the consent of the condominium Owners with reference to the condominium unit involved.