448 So.2d 1143 (1984)
BEACHWOOD VILLAS CONDOMINIUM, Appellant,
v.
Earl S. POOR and Iris E. Poor, His Wife, and Sanford I. Kartzman and Francine L. Kartzman, His Wife, Appellees.
No. 83-188.
District Court of Appeal of Florida, Fourth District.
April 11, 1984.
Rehearing Denied May 16, 1984.
James D. McFarland of Anderson, Dungey & McFarland, P.A., Stuart, for appellant.
Martin D. Kahn of Martin D. Kahn, P.A., North Miami, for appellees.
HURLEY, Judge.
At issue is the validity of two rules enacted by a condominium board of directors. The trial court invalidated both rules because it determined that the board exceeded the scope of its authority. We reverse.
The board of directors of the Beachwood Villas Condominium Association enacted rules 31 and 33 to regulate unit rentals and the occupancy of units by guests during the owner's absence. Rule 31, the rental rule, requires that: (1) the minimum rental *1144 period be not less than one month, (2) the number of rentals not exceed six per year, (3) the occupancy rate not exceed a specified number which is calculated to the size of the unit, (4) tenants not have pets without the approval of the board, and (5) a processing fee of $25.00 be paid. Rule 33, the guest rule, requires: (1) board approval for the "transfer" of a unit to guests when the guests are to occupy the unit during the owner's absence, (2) that the number of transfers (either by rental or guest occupancy) not exceed six per year, and (3) that the occupancy rate not exceed a specified number which is calculated to the size of the unit. The trial court found that the board lacked authority to enact either rule. We respectfully disagree.
Hidden Harbour Estates, Inc. v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981), suggested that condominium rules falling under the generic heading of use restrictions emanate from one of two sources: the declaration of condominium or the board of directors. Those contained in the declaration "are clothed with a very strong presumption of validity... .," id. at 639, because the law requires their full disclosure prior to the time of purchase and, thus, the purchaser has adequate notice. See Section 718.503(2)(a), Florida Statutes (1983). Board rules, on the other hand, are treated differently. When a court is called upon to assess the validity of a rule enacted by a board of directors, it first determines whether the board acted within its scope of authority and, second, whether the rule reflects reasoned or arbitrary and capricious decision making. See, e.g., Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975); Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971); see generally Note, Condominium Rule-making  Presumptions, Burdens and Abuses: A Call for Substantive Judicial Review in Florida, 34 U.Fla.L.Rev. 219 (1982); Note, Judicial Review of Condominium Rulemaking, 94 Harv.L.Rev. 647 (1981).
The reasonableness of rules 31 and 33 was not questioned below and, therefore, we are concerned only with the scope of the board's authority. Inquiries into this area, as we indicated in Juno by the Sea North Condominium, Inc. v. Manfredonia, 397 So.2d 297 (Fla. 4th DCA 1980) (on rehearing), begin with a review of the applicable statutes and the condominium's legal documents, i.e., the declaration and by-laws.
By express terms in the statute and in the declaration the association has been granted broad authority to regulate the use of both the common element and limited common element property.
In general, that power may be exercised as long as the exercise is reasonable, is not violative of any constitutional restrictions, and does not exceed any specific limitations set out in the statutes or condominium documents.
Id. at 302.
Since there has not been any suggestion that either rule violates the Condominium Act, Section 718, Florida Statutes (1983), we begin by viewing the Beachwood Villas declaration of condominium. Article X provides that "[t]he operation of the condominium property shall be governed by the By-Laws of the Association which are ... made a part hereof." In turn, Article IV of the by-laws states that "[a]ll of the powers and duties of the Association shall be exercised by the board of directors...." More specific is Article VII, Section 2, which states that "[t]he Board of Directors may, from time to time, adopt or amend previously adopted rules and regulations governing and restricting the use and maintenance of the condominium units...."
It is obvious from the foregoing that the board of directors is empowered to pass rules and regulations for the governance of the condominium. The question remains, however, whether the topics encompassed in rules 31 and 33 are legitimate subjects for board rulemaking. Put another way, must regulations governing rental of units and occupancy of units by guests during an owner's absence be included in *1145 the declaration of condominium. At least one court has held that "[u]se restrictions to be valid, must be clearly inferrable [sic] from the Declaration." Mavrakis v. Playa Del Sol Association, No. 77-6049, slip op. at 4 (S.D.Fla. May 11, 1978). This test is rooted in the concept that declarations of condominium are somewhat like covenants running with the land. See Pepe v. Whispering Sands Condominium Association, 351 So.2d 755 (Fla. 2d DCA 1977). Even so, we believe that this test is too stringent. A declaration of condominium is "the condominium's `constitution'." Schmidt v. Sherrill, 442 So.2d 963, 965 (Fla. 4th DCA 1984). Often, it contains broad statements of general policy with due notice that the board of directors is empowered to implement these policies and address day-to-day problems in the condominium's operation through the rulemaking process. It would be impossible to list all restrictive uses in a declaration of condominium. Parking regulations, limitations on the use of the swimming pool, tennis court and card room  the list is endless and subject to constant modification. Therefore, we have formulated the appropriate test in this fashion: provided that a board-enacted rule does not contravene either an express provision of the declaration or a right reasonably inferable therefrom, it will be found valid, within the scope of the board's authority.[1] This test, in our view, is fair and functional; it safeguards the rights of unit owners and preserves unfettered the concept of delegated board management.
Inasmuch as rules 31 and 33 do not contravene either an express provision of the declaration or any right reasonably inferable therefrom, we hold that the board's enactments are valid and plainly within the scope of its authority. Accordingly, we reverse the order on appeal and remand the cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WALDEN, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
I agree with the trial court and disagree with my colleagues, recognizing that judicial decisions in condominium cases are like congressional legislation in that nobody is happy with the result. The basis of my dissent is in my reading of Article XIII B.9 of the Declaration of Condominium vis a vis Article VII, Section 2 of the By-Laws. The former provides:
9. Regulations
Reasonable regulations concerning the use of condominium property and recreational facilities may be made and amended from time to time by the Association in the manner provided by its Articles of Incorporation and By-Laws. Copies of such regulations and amendments shall be furnished by the Association to all unit owners and residents of the condominium upon request. [Emphasis added.]
"Condominium property" is described in Section 718.103(11), Florida Statutes (1981), as follows:
"Condominium property" means the lands, leaseholds, and personal property that are subjected to condominium ownership, whether or not contiguous, and all improvements thereon and all easements and rights appurtenant thereto intended for use in connection with the condominium.
The subject section of the By-Laws says:
Section 2. As to Condominium Units. The Board of Directors may, from time *1146 to time, adopt or amend previously adopted rules and regulations governing and restricting the use and maintenance of the condominium units, provided, however, that copies of such rules and regulations are furnished to each unit owner prior to the time the same become effective. [Emphasis added.]
If the trial judge's interpretation of the foregoing is reasonable, I doubt that we can substitute our judgment for his. He obviously felt the Association was the proper party to make the regulations as to use of the condominium units because (1) that is what the Declaration required; and (2) the By-Laws fall if they conflict with the Declaration. It is hard to quarrel with his conclusion.
NOTES
[1] In Tower House Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981), the court invalidated a condominium bylaw because it was inconsistent with the declaration. Likewise, Scarfone v. Culverhouse, 443 So.2d 122 (Fla. 2d DCA 1983), invalidated board action which was authorized by and inconsistent with the declaration. In the same vein, a facially neutral rule or board decision may be attacked on the ground that it places an unreasonable or arbitrary limitation on a use permitted by the declaration. See Lyons v. King, 397 So.2d 964 (Fla. 4th DCA 1981). As indicated, however, this allegation has not been raised in the case at bar.