**BOARD OF MANAGERS OF A PART OF PEPPERTREE SQUARE, SECTION NO. 1, Plaintiff-Appellant,**

v.

**Lewis G. RICKETTS, Bernice L. Ricketts, and Claudia A. Maselli, Defendants-Respondents.**

No. 49440.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 3, 1985.

Robert H. Mohme, Gerard Diekman, Clayton, Mo., for plaintiff-appellant.

Joseph L. Racine, Clayton, for defendants-respondents.

SNYDER, Judge.

The plaintiff, Board of Managers of Peppertree Square Section No. 1, appeals from the trial court's judgment denying injunctive relief, assessing costs against the Board and failing to award the Board attorney's fees. The determinative issue is the interpretation of condominium by-laws. The judgment is affirmed.

Peppertree Square, a partnership, owned property which it converted on July 28, 1978 to a condominium titled "A Part of Peppertree Square, Section No. 1." The partnership declared that Peppertree Square, Section No. 1 be governed by the by-laws of Peppertree Square which are recorded in the St. Louis County Recorder of Deeds office. These by-laws established a board of managers who are responsible for the administration and management of Peppertree Square.

Defendants Ricketts purchased a unit in Peppertree Square. The general warranty deed conveying the unit to the Ricketts was subject to easements, covenants, conditions and restrictions of record and was recorded on December 5, 1978. Maselli also purchased a unit in Peppertree Square. Her deed was subject to the same restrictions and was recorded on December 11, 1979.

On October 31, 1983, without approval of the Board, the Ricketts and Maselli had storm doors attached to the front entry ways of their units. Although other storm doors, similar in design and appearance, were permitted in the project, the Board requested that Ricketts and Maselli remove the doors because the placement of the doors was an addition or alteration in violation of Article 7.3 of the by-laws which provides:

*Maintenance of Units:* ... There shall be no additions or alterations of exterior without approval of Board of Managers. The Ricketts and Maselli did not remove the doors.

On May 1, 1984 the Board filed a petition for an injunction against the Ricketts and Maselli seeking an order restraining them from keeping their storm doors attached to their respective units. The Board also asked for its costs and reasonable attorney's fees as provided for in the Peppertree Square by-laws.

The trial court denied the injunction, assessed costs against the Board, and refused to grant attorney's fees to the Board.

The Board asserts the trial court erred in not finding that the storm doors were "additions or alterations" to the exteriors of the condominium units; and in failing to award the Board attorney's fees and assessing the costs of the action against the Board.

The trial court did not make findings of fact and conclusions of law. The court is presumed to have made findings consistent with the entered decree. *Westinghouse Electric Company v. Vann Realty Co.,* 568 S.W.2d 777, 779–80[1, 2] (Mo. banc 1978). Therefore, the trial court necessarily found that the addition of a storm door to the exterior of a unit is not an "addition or alteration" within the meaning of the condominium by-laws.

The finding will be upheld by this court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976); *Arnett v. Johnson,* 689 S.W.2d 836, 837[1] (Mo.App. 1985).

Substantial evidence exists to support the trial court's decision. The decision is not against the weight of the evidence, nor does it erroneously declare or apply the law. Therefore, the trial court's judgment denying the injunction is affirmed.

The parties have not cited any cases which are applicable to this dispute con-

cerning the interpretation of condominium by-laws, and research has not disclosed any cases on point, probably because condominium law is a relatively new field, both in Missouri and in other jurisdictions.

Respondents cite *Matz v. Miami Club Restaurant,* 127 S.W.2d 738, 741[5, 6] (Mo. App.1939) where the court held that booths anchored to a floor, a soda fountain, ice boxes, refrigerators and light fixtures were personal property and not additions or alterations to the premises despite the light fixtures' attachment to the ceilings and connection of some items by pipes through the floor.

The reasoning of *Matz* is tangentially applicable to the case under review. Although the court said that the disputed items were not "alterations, additions or improvements" to the realty, its decision was based on the finding that the items were "trade fixtures" and thus retained their character as personal property. The "trade fixtures" concept is, of course, not present here. There are similarities between the facts, however, which aid to some extent in deciding the present case.

Respondents concede that they are bound by the Peppertree Square by-laws. *See Ryan v. Baptiste,* 565 S.W.2d 196, 198[2, 3] (Mo.App.1978). It is the interpretation of these by-laws that is in question. Respondents assert that the placement of storm doors on their condominium units is not an "addition or alteration" within the meaning of Section 7.3 of the by-laws; that the storm doors were attached with screws, are removable personal property, and thus not an addition or alteration. Respondents argue further that storm doors should have been included in the prohibited items in Section 7.4 of the by-laws if they were to be proscribed.

Section 7.4 of the By-Laws is more specific in its prohibition, stating:

> 7.4 *Signs:* No signs shall be hung or displayed on the outside of windows or placed on walls of any building and no awnings, canopy, shutter, or radio or television antenna shall be affixed to or placed upon an exterior wall or roof without prior written consent of the Board of Managers.

A storm door is similar to an awning, canopy or shutter. It is reasonable to believe that the drafters of the by-laws would have included storm doors in the specific prohibition if the intent were to prohibit storm door installations.

Section 7.3 of the by-laws is general and relates to maintenance of the units. Section 7.4 is specific and prohibits the addition of certain items. The restrictive covenant in Section 7.4 could have been drafted to prohibit the installation of storm doors, but it was not, even though it refers to affixing things or placing them on an exterior wall or roof. To extend that section by implication is what we are requested to do by the Board.

Restrictive covenants against the free use of land are to be strictly construed and not extended by implication. *Brasher v. Grove,* 551 S.W.2d 302, 303[1–4] (Mo.App. 1977). This court holds that the Peppertree Square by-laws should not be interpreted as prohibiting the installation of storm doors, without the Board's consent, as the Board requests. Rather, taking into consideration the general and specific sections, and the evidence before the court, the by-laws must be interpreted as requiring no consent of the Board for the installation of storm doors.

The Board relies on a Florida case which held that replacing wire screening with glass jalousies in a condominium unit's balcony was an "addition or alteration." *Sterling Village Condominium, Inc. v. Breitenbach,* 251 So.2d 685, 687[3] (Fla.App. 1971). This decision is inapposite as it is based on an entirely different set of condominium by-laws which speak directly to the issue decided.

 The Board also challenges the trial court's order assessing the costs of the action against the Board and denying its request for attorney's fees. In equity cases, the trial court has an inherent, discretionary power to award costs to either party or to award them proportionately

among the parties. The trial court's determination on the issue of costs will not be disturbed by an appellate court unless there is an abuse of discretion. *Gieselmann v. Stegeman*, 470 S.W.2d 522, 525[5] (Mo.1971). There was no abuse of discretion here. The trial court's order assessing costs against the Board is affirmed.

The Peppertree Square by-laws provided for costs and attorney's fees in Article 14.-1(c). In the instant case, the Board did not prevail on the merits and thus is not entitled to attorney's fees. *Porter v. Hawks Nest, Inc.*, 659 S.W.2d 786, 789[6, 7] (Mo. App.1983).

Respondents' motion for frivolous appeal taken with the case is denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.