STONE, Judge.
The owners of a condominium unit appeal from a judgment granting an injunction to the condominium association, requiring that appellants remove their pet dog from the premises.
Appellants contend that the Board illegally passed, and here enforced, a rule against pets without first amending the declaration which provides that there shall be no pete without the consent of the Board. Appellants argue that they were refused consent not on the merits of their petition, but because the Board adopted a blanket rule against pets.
Clearly, a condominium Board may not adopt rules modifying the provisions of a declaration without proper amendment. Beachwood Villas Condominium v. Poor, 448 So.2d 1143 (Fla. 4th DCA 1984). But here, after a careful examination of the record, we cannot agree that the evidence leads to the conclusion that the Board followed such a modified rule. Here, the transcript reflects substantial testimony and evidence, supported by the minutes of the meeting, that the Board heard the appellants and considered their petition on the merits.
Therefore, the judgment of the trial court is supported by the record and should be affirmed. Under these circumstances it is not necessary for us to determine whether the Board invalidly modified the terms of the declaration.
We also find that the trial judge did not improperly exercise his discretion to try the equitable issues, which were ready for trial, without further delay until the trial of the legal issues raised by the counterclaim. See Thaller v. Waterford Point Condominium Apartments, Inc., 421 So.2d 167 (Fla. 4th DCA 1982), pet. for rev. denied, 431 So.2d 990 (Fla. 1983), and King Mountain Condominium Association v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1982). See also Padgett v. First Federal Savings and Loan Association, 378 So.2d 58 (Fla. 1st DCA 1979). Also we find N.J. Willis Corp. v. Raskin, 430 So.2d 996 (Fla. 4th DCA 1983), and Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971), to be distinguishable.
The appellants’ objection to the enforcement provisions of the court’s judgment is now moot since the dog is no longer on the premises.
AFFIRMED.
WALDEN, J., concurs.
LETTS, J., dissents without opinion.