584 So.2d 212 (1991)
Joseph PACITTI, Appellant,
v.
SEAPOINTE CONDOMINIUM ASSOCIATION, Appellee.
No. 91-1339.
District Court of Appeal of Florida, Third District.
August 20, 1991.
Browning, Guller and Associates and Charlene G. Guller, Key West, for appellant.
Frigola, DeVane, Wright, Dorl and Hendrickson and James J. Dorl, Marathon, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
The Seapointe Condominium Association (Seapointe) claimed unit owners Joseph Pacitti and Richard Procopio had violated Seapointe rules and regulations by transferring their units more than three times during the calendar year and by not providing the association with proper notification of these transfers. The association sought and was granted temporary injunctive relief prohibiting the two owners' further rental, lease, or transfer of their units in 1991. Appellants moved to dissolve the ordered injunction arguing that only social guests were staying in the units, and that neither the declaration of condominium nor the condominium bylaws prohibited such occupation. We reverse both the order denying appellants' motion to dissolve the injunction and the order which followed that found appellants in contempt for their noncompliance.
The general rules and regulations of the condominium mailed to each occupant state.
1. All rentals, leases and transfers require notification to, and approval of, the Board of Directors... . .
4. Rentals, leases and transfers shall be limited to three (3) per calendar year, *213 none of which shall be for a period of less than one (1) month.
The trial court found the above rules and regulations to have been properly enacted and within the scope of authority of the board of the association. Further, the court adopted Seapointe's position that, in violation of these rules, appellants had transferred their units more than three times during the year.
Paragraph 11.01 of the Seapointe Declaration of Condominium provides:
Residential units shall be used and occupied by their respective owners as private single-family residences for themselves, their families and social guests and for no other purposes other than specific exemptions made in this declaration.
Paragraph 5.09(a) of the Seapointe bylaws provides:
Residential units shall be occupied and used by their respective owners as only private dwellings for the owner, his family, tenants and other social guests and for no other purposes whatsoever.
It is undisputed that all the people that stayed on appellants' premises were "social guests." We conclude the number of such guests, the number of their stays, and the length of each stay, were not restricted by any of the above regulations or documents.
Seapointe argues that a similar use restriction was enforced in Beachwood Villas Condominium v. Poor, 448 So.2d 1143 (Fla. 4th DCA 1984). In that case, the court upheld a rule limiting the occupancy of units by social guests during the owner's absence, finding the rule was neither in contravention of any express provision of the declaration of condominium or any right referable therefrom. However, the guest rule in Beachwood is dramatically different from the rules relied upon in the instant case. The Beachwood guest rule required:
(1) board approval for the "transfer" of a unit to guests when the guests are to occupy the unit during the owner's absence, (2) that the number of transfers (either by rental or guest occupancy) not exceed six per year, and (3) that the occupancy rate not exceed a specified number which is calculated to the size of the unit.
There was simply no such rule as to social guests at Seapointe. Considering all the condominium documents, the term "transfer" without more cannot be read so broadly as to require the sought after restrictions to apply.
Accordingly, both the order denying the motion to dissolve the injunction and the order finding appellants in contempt are reversed.