590 So.2d 36 (1991)
Lakhi L. MOHNANI, Neena, L. Mohnani and Laju L. Mohnani d/b/a L.L.N. Associates, Appellants,
v.
LA CANCHA CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 90-2117.
District Court of Appeal of Florida, Fourth District.
December 4, 1991.
Rehearing Denied January 9, 1992.
*37 Gary J. Olsen of Morgan, Olsen & Olsen, Fort Lauderdale, for appellants.
Anthony A. Balasso of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellee.
GUNTHER, Judge.
Appellants seek reversal of a declaratory final judgment entered in favor of La Cancha Condominium Association, Inc. (Association).
At issue in this case is the validity of "Rule 10" enacted by the Board of Directors of La Cancha Condominium Association (Board). Appellants assert that as a result of the trial court misinterpreting Beachwood Villas Condominium v. Poor, 448 So.2d 1143 (Fla. 4th DCA 1984), the trial court erroneously found that the Board acted within its scope of authority in enacting "Rule 10." Since we agree with the Appellants' assertion that "Rule 10" contravenes the Declaration of Condominium, we conclude that the trial court reversibly erred in finding that the enactment of "Rule 10" was within the Board's scope of authority.
Both parties agree, as did the trial court, that this case is controlled by Beachwood. In Beachwood, this court reversed a trial court's decision that had invalidated rules that a condominium board had enacted. Id. at 1143. This court reasoned that when a court is called upon to assess the validity of such rules, "it first determines whether the board acted within its scope of authority and second, whether the rule reflects reasoned or arbitrary and capricious decision making." Id. at 1144. The first prong of the test, whether the Board acted within its scope of authority is at issue in this case, but the second prong of the test, whether "Rule 10" is reasoned or arbitrary and capricious decision making, is not.
In resolving the first prong of the Beachwood test, a court must determine (A) whether a board is empowered to pass rules and regulations for the governance of the condominium, and (B) whether the topic of a rule is a legitimate subject for board rulemaking. Id.
To determine part A, the court must examine the relevant statutes and the condominium's declaration and bylaws. In the instant case, it is undisputed that the Board is empowered to pass rules.
To determine whether the topic of a rule is a legitimate subject for board rulemaking, the Beachwood court stated that a rule will be found to be within a board's scope of authority if the board enacted rule does not contravene either an express provision of the declaration or a right reasonably inferable therefrom. Id. at 1145. In a later case, this court followed the same reasoning and stated: "Clearly, a condominium *38 board may not adopt rules modifying the provisions of a declaration without proper amendment." Gordon v. Palm Aire Country Club Condo. Ass'n., 497 So.2d 1284, 1285 (Fla. 4th DCA 1986).
In the instant case, the Declaration of La Cancha states, in pertinent part,
XIII. CONVEYANCES AND SALES
A. Sale or Lease. No apartment owner may ... lease without approval of the Board ... Approval of the Board shall be obtained in a manner hereinafter provided:
1. Notice to Association. When an apartment owner intends to ... lease ... his apartment ... he shall give written notice to the Association ...
2. Election by Association. Within thirty ... days after receipt of such notice, the Board shall either approve the transaction or furnish a ... lessee approved by the Association and give notice thereof to the person desiring to ... lease his apartment ...
In our view, a La Cancha apartment owner's right to lease his or her apartment can be inferred from that section of Article XIII which provides that within thirty days of application for Board approval of a lease, the Board shall either approve the lessee or furnish another lessee approved by the Association.
"Rule 10", passed by a four to three vote of the Board, provides, in pertinent part,
No person or corporation who or which acquires title or ownership to a condominium unit at La Cancha after... June 11th, 1985  shall lease said unit for any term under any conditions until a period of two ... years has elapsed from the date on which title or ownership was acquired.
Pursuant to the Declaration, a La Cancha apartment owner would be able, after a period of thirty days, to begin leasing his or her apartment to the lessee he submitted to the Board for approval or to another lessee furnished by the Association. "Rule 10", on the other hand, obviously restricts the La Cancha apartment owner's right to lease his or her apartment for a two year period in contravention of the declaration. Applying the test enunciated in Beachwood to the facts of the instant case, it is clear that "Rule 10" contravenes Article XIII and the rights reasonably inferable therefrom. Thus, "Rule 10" is invalid because the topic of the rule is not a legitimate subject for Board rulemaking. Consequently, the trial court reversibly erred in ruling that the Board acted within the scope of its authority in enacting "Rule 10."
REVERSED AND REMANDED.
HERSEY and FARMER, JJ., concur.