[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action brought by the plaintiff Condominium Association for unpaid assessments against the defendant condominium owner. By agreement this is a bifurcated trial with the issue of liability to be determined in the first stage.
FACTUAL BACKGROUND
On March 30, 1984, James Mulligan ("the defendant") purchased a condominium that was part of Townhouse III Condominium Association ("the plaintiff's") development. The condominium was CT Page 2251 governed by the plaintiff's declaration and bylaws. At the time of the defendant's purchase, the plaintiff's governing rules and regulations did not contain a prohibition on the use of washers or dryers in individual condominiums. In fact, the defendant, a Florida resident, purchased the unit as a residence for his elderly aunt and he specifically sought a condominium that would permit a washing machine and a dryer in the unit, and he also required a unit with individual controls for heat.
The unit in question met those requirements and was otherwise satisfactory.
On March 15, 1989, however, the Board promulgated a rule prohibiting the use of washers and dryers in the condominium units. Despite these rules, the defendant maintained a washer and dryer in; his condominium. In January 1992, a hose in the defendant's washer broke causing a minor flood. Although no damage was done to any other unit and the Association incurred no expense as a result, the Association management at that time discovered the washer-dryer hook-up in the unit. After defendant was given notice and an opportunity for a hearing (pursuant to General Statutes § 47-257(e)[1]), he was fined for his violation of the rule. The fine imposed was $25.00 per day. As of December 1, 1994, the total amount of the fine was approximately $23,350.00. In addition to this debt, the defendant owed money for unpaid common charges.
On November 12, 1992, the plaintiff filed an amended complaint seeking foreclosure against defendant's condominium property. In its complaint, the plaintiff alleges that pursuant to General Statutes § 47-244(2) and § 47-258 it has a six month priority lien on the defendant's condominium property for unpaid common charges. On November 12, 1992, in his answer, the defendant raised three special defenses. The first alleges payment in full. The second claims that the assessment of the fines for the washer and dryer is invalid. The third attacks the fines as an "unconscionable penalty". On November 12, 1993, the plaintiff filed a second amended complaint. On January 17, 1995, the defendant filed a post-hearing memorandum of law. In addition to the arguments raised in his answer, the defendant argues that the plaintiff's lien is an unperfected security interest and that attorney's fees should not be allowed as part of the lien. Both parties filed post-hearing memoranda of law.
ANALYSIS
CT Page 2252
Special Defenses
In his post-hearing brief, the defendant argues two points that were not pleaded. The plaintiff argues that these arguments are special defenses and because they were not pleaded they should be barred.
Pursuant to Practice Book § 164, any special defenses must be raised in the pleadings. If a defense requires the pleading of a special defense, the failure to do so bars the admission of any evidence on the subject. DuBose v. Carabetto, 161 Conn. 254, 260-261,287 A.2d 357 (1971). While Practice Book § 164 specifically categorizes certain defenses as "special"[2], this list is by no means exclusive. Pawlinsi v. Allstate Ins. Co., 165 Conn. 1, 7
(1973). The presence of a special defense occurs "[i]f . . . a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action." Id., 6.
In his post-hearing brief, the defendant argues that the plaintiff is not entitled to judgment because its lien is unperfected. Since this defense, if true, would destroy the plaintiff's cause of action, it is considered by the court to be a special defense. Accordingly, since the plaintiff did not plead the special defense it is not allowed. While the failure of a party to pled a special defense can be waived by opposing counsel if he fails to object to the introduction of evidence supporting the special defense, see Thompson Peck, Inc. v. Harbor MarineContracting Corp., 203 Conn. 123, 132, 523 A.2d 629, 631 (1987), in this case the plaintiff did object to such evidence and the court reserved decision.
The second argument the defendant briefed, which was not pleaded, is that since the defendant tendered part payment to the plaintiff, its refusal to accept the check should bar it from collecting attorney's fees in this proceeding. Since this argument is directed towards the amount of damages and not barring the action, it is not deemed to be a special defense. Accordingly, this defense is allowed to stand.
Validity of the action
Defendants argue that the rule prohibiting the use of washers and dryers in individual condominium units is invalid since it is not contained in the bylaws as required by General Statutes CT Page 2253 § 47-80(C)(8).
In determining the validity of condominium rules and regulations, courts have developed a "reasonableness" test. The first prong of the test is whether the board acted within the scope of its authority. The second prong is whether the rule reflects reasoned or arbitrary and capricious decision making. Mohnani v.La Cancha Condo. Ass'n., 590 So.2d 36, 37 (Fla.App. 4 Dist. 1991), see also Worthinglen Condo. Owners' Ass'n. v. Brown,566 N.E.2d 1275 (Ohio App. 1989); Wolinsky v. Kadison, 449 N.E.2d 151, 156
(Ill.App. 1 Dist. 1983); Hidden Harbour Estates Inc. v. Norman,393 So.2d 640 (Fla.App. 1981); Ryan v. Baptiste, 565 S.W.2d 196
(Mo.App. 1978).
In determining the first prong, the court must examine the relevant statutes and the condominium's declaration and bylaws.Mohnani v. LaCancha Condo. Ass'n., supra, 566 N.E.2d 37. General Statutes § 47-80(c)(7) provides, in pertinent part: that the bylaws must contain "[t]he method of adopting and of amending administrative rules and regulations governing the details and the operation and use of common areas and facilities. (Emphasis added.) General Statutes § 47-80(8) provides that the bylaws must contain any "restrictions on and requirements respecting the use and maintenance of the units . . . designed to prevent unreasonable interference with the use of their respective units and of the common elements . . . ." Thus, the statute mandates that any use restriction on an individual condominium unit must be stated in its bylaws and not merely in the rules and regulations. In the instant case, the plaintiff, in describing the powers and duties of the Board of Directors, § (n) of the bylaws (Exhibit C) provides that its power includes "[a]dopting and amending reasonable Rules and Regulations governing the conduct of all people on the property and the operation and use of the Condominium." This proclamation, however, goes beyond the Board's statutory authority since General Statutes § 47-80 mandates that any use restrictions on an individual unit be contained in the bylaws. Thus, since the administrative rule prohibiting washers and dryers undertakes to regulate conduct of individual units, it is without statutory authorization and is unenforceable against the defendant. SeeJohnson v. Keith, 331 N.E.2d 879 (1975).[3]
Plaintiffs argue that pursuant to General Statutes § 47-244(a), the Board is now authorized to issue rules regarding use restrictions in individual units. General Statutes § 47-244(a), however, merely states that "the association, even if CT Page 2254 unincorporated, may: (1) adopt and amend bylaws and rules and regulations." It does not alter the requirement that use restrictions in individual units must be contained in the bylaws. Instead, it merely states that the Board may amend the bylaws. Moreover, General Statutes § 47-218 provides, in pertinent part:
 (b) An amendment to the declaration, bylaws . . . shall be; adopted in conformity with the procedures and requirements of the law that applied to the common interest community at the time it was created and in conformity with the procedures and requirements specified by those interests . . .
Thus, since the statute at the time the declaration was issued required that use restrictions in individual condominiums be contained in the bylaws, the rule in the instant case is invalid.
Although not necessary to a determination of the liability issue in view of the finding as to the first prong of the test, the Court does offer its comments concerning the second prong, since the issue seems likely to arise in the future.
In determining the second prong of the test, a property use restriction is reasonable if it bears a rational relationship to some legitimate interest of the condominium association. In order to be reasonable, a restriction must also be applied in a fair, nonselective and nondiscriminatory manner. Hidden Harbour EstatesInc. v. Basso, supra, 393 So.2d 640; Noble v. Murphy,612 N.E.2d 266 (1992); Worthinglen Condo Owners Ass'n. v. Brown, supra,566 N.E.2d 1275. In the instant case, the plaintiff argues that the rule was promulgated to prevent flooding, which had previously occurred due to the use of washers and dryers in individual units. In addition, upon promulgation of the rule, the Board stated that the rule was passed because "[f]irst the building's plumbing systems were not built to accommodate this additional load. Second, the noise made by the washers and dryers in the units can be extremely annoying to other residents in the buildings." See Exhibit C, The Rule Regarding Washers and Dryers. There appears to be a rational relationship between the rule and the safety of the unit owners. It also appears that the rule was applied fairly, i.e., it prohibited the use of all washers and dryers in the individual units. Therefore, it was not selective and discriminatory. Accordingly, if the Board subsequently passes this rule under the bylaws, it appears that it will probably be valid. The question then arises whether this subsequent rule would apply CT Page 2255 prospectively or retroactively.
A restriction that deprives an existing unit owner of rights that they had previously enjoyed may constitute a void retroactive regulation. Winston Towers 200 Assn. v. Saverio, 360 So.2d 470
(Fla. 1978); Breene v. Plaza Tower Ass'n., 310 N.W.2d 730 (ND 1981). In Winston, the court found that a restriction prohibiting pets could not be enforced against a unit owner who had purchased his unit under a previous bylaw which apparently recognized a right to keep pets. While the court in Breene also invalidated a retroactive rule, it was operating under a different statutory scheme. Under North Dakota's state condominium statute, N.D. Cent. Code § 47-04.1-04, all restrictions must be contained in a declaration of condominium prior to conveyance. The court interpreted this statute as requiring "as a prerequisite to the enforceability [of the restriction] is that the restriction be recorded prior to the conveyance of any condominium unit." Consequently, since the rule in question was not recorded prior to conveyance, the court held that a restriction adopted after the purchase of the condominium unit would not be enforceable against the purchaser. Connecticut does not have a similar statutory provision. Accordingly, Breene is distinguishable and the rationale underlying its decision is of limited applicability in the instant case. Moreover, voiding a rule because it is retroactive appears to be the minority rule. Most courts would hold that "potential purchasers of condominium units should . . . realize that the regime in existence at the time of purchase may not continue indefinitely and that changes in the declarations may take the form of restrictions on the use of his property."Worthinglen Condo. Units Owner's Ass'n. v. Brown, 566 N.E.2d 1275,1279 (Ohio App. 1989). Thus, if a condominium unit owner had notice at the time of purchase that the condominium's declaration or bylaws could be amended and property use restriction added or modified, it would likely be subjected to retroactive application of the rule, in other words, no "grandfather" protection, Board ofDirectors of by the Sea Council of Co-owners Inc., 644 S.W.2d 774,781 (1982); Worthinglen Condo. Owners' Ass'n. v. Brown, supra, 566 N.E.2d 1279; Ritchey v. Villa Nueva Condominium, 81 Cal.App.3d 688,146 Cal.Rptr. 695 (1978); Kroop v. Carabelle CondominiumInc., 323 So.2d 307 (Fla.App. 1975); Note, Judicial Review ofCondominium Rulemaking, 94 Harv. L. Rev. 647, 653-654 (1981), but cf. Breene v. Plaza Tower Ass'n., supra 310 N.W.2d 734 (knowledge of the provision for amendment does not constitute adequate notice.) In the instant case, the defendant purchased the unit with the knowledge that the Condominium Declaration may be CT Page 2256 subsequently amended. See Exhibit C, Article XV, Amendment to Bylaws; Exhibit C, Declaration, Article XVII. Thus, applying the majority rule, if the Declaration is properly amended and the amendment is not arbitrary and capricious, the rule would likely be applied retroactively.
Attorney's Fees
"Liens for delinquent common expense assessments of individual units within an association are creatures of statute." HudsonHouse Condominium Assn. Inc. v. Brooks, 223 Conn. 610, 614 (1992). General Statutes § 47-258(a) provides that a condominium association has a statutory lien on a unit for any "fines, charges late charges, fines and interest." In addition, General Statutes § 47-258(b) provides this lien is given priority over certain other liens to the extent of the common charges incurred in the six months prior to a foreclosure action. General Statutes § 47-258(j) authorizes foreclosure on this lien. General Statutes § 47-258(g) provides that a "judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party." The amount of the priority lien awarded pursuant to General Statutes § 47-258(b) has been construed to include attorney's fees. Hudson House Condominium Assn., Inc. v.Brooks, supra, 223 Conn. 617. However, since the rule under which the delinquent fees were assessed is invalid, it would not be equitable to award attorney's fees to the plaintiff. See General Statutes § 47-258(g).
Counsel shall schedule the second stage of this matter with the Clerk's office.
Klaczak, J.