■ LUNA PARK HOUSING CORPORATION, Appellant, v. HAROLD BESSER et al., Respondents.— In an action for a declaratory judgment and injunctive relief, plaintiff appeals from an order of the Supreme Court, Kings County, dated April 15, 1970, which denied its motion for summary judgment. Order reversed, on the law, without costs; motion granted; and case remanded to the Special Term for the making and entry of an appropriate judgment. Plaintiff, a co-operative corporation lessor of apartments brought this action, against lessees of one of the apartments, for injunctive relief and a judicial determination of the rights of the parties under one of the house rules and regulations set forth at the physical end of the lease or occupancy agreement executed by the parties on June 1, 1965. The rules recited they were an integral part of the occupancy agreement and a violation of any of them subjected the

lessees to termination of their lease and eviction action. The particular rule in question provides: "No dogs or other animals requiring to be let outdoors shall be harbored in the demised premises." Defendants seek to continue harboring a dog on the premises. In defense, they contend that both before and after adoption of this rule the lessor knowingly permitted a number of dogs to be harbored on the premises, that the lessor's acceptance of their monthly rent constituted a waiver of this rule and that the premises are located in a high crime area so that dogs are required for their personal safety, security and well-being. We find no merit to these contentions and hold that plaintiff is entitled to the relief sought. There is no doubt concerning the lessor's right to promulgate rules and regulations for the general good and comfort of all the tenants (see *Brigham Park Coop. Apts. Section No. 2* v. *Krauss,* 21 N Y 2d 941). In the lease in question here, the lessees specifically agreed to obey such rules and acknowledged that a violation thereof was "a breach of the covenants of this lease and shall have the same consequences" (Art. III, par. Fourth). The lease further provides that receipt by the lessor of rental charges with knowledge of the breach of any covenant is not to be deemed a waiver of such breach and that the lessor's failure "to enforce any of the rules and regulations set forth herein * * * against the Lessee or against any other Lessee residing in the building shall not be deemed a waiver of any such rules and regulations" (Art. IV, par. Fourth, subd. [f]). In view of the plain language and meaning of the lease and rules, there is no issue of fact raised and we see no alternative but to grant plaintiff summary judgment declaring the rule valid and enforceable and enjoining defendants accordingly. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.