351 So.2d 755 (1977)
Frank W. PEPE, Appellant,
v.
WHISPERING SANDS CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 76-1982.
District Court of Appeal of Florida, Second District.
November 9, 1977.
As Modified On Denial of Rehearing November 29, 1977.
*756 Henry P. Trawick, Jr., of Trawick, Griffis & Ferrell, P.A., Sarasota, for appellant.
Patrick J. Murphy of Crabtree, Butler, Syprett & Meshad, P.A., Sarasota, for appellee.
McNULTY, JOSEPH P. (Ret.), Associate Judge.
We are asked herein to decide whether a condominium association has the right to consolidate under one budget the budgets of separate condominium sections within a multiple section complex. Under the facts herein we think not and reverse the trial court's ruling to the contrary.
Whispering Sands Condominium Village is a complex comprising seven adjacent condominium sections. Certain easements, facilities and services are mutually enjoyed by and are the responsibility of all sections, and the units respectively therein, equally. But each section is also a separate condominium unto itself and has its own common elements which are the responsibility of and are enjoyed only by the unit owners of that section. All sections were created under identical declarations of condominium (except as to the section number) and Article I of each declaration provides: (Here, we quote from appellant Pepe's declaration.)
"... Developer does hereby declare the property . .. to be known as: WHISPERING SANDS CONDOMINIUM VILLAGE, Section Six [Pepe's section], hereinafter referred to as the `CONDOMINIUM'... .
"It is contemplated that there may be additional Sections ... which said Sections may be operated and managed in conjunction with this Condominium through that certain non-profit corporation known as: WHISPERING SANDS CONDOMINIUM ASSOCIATION, INC., and hereinafter referred to as the `ASSOCIATION.' The creation of any such further Sections will not merge the common elements of this Condominium with the common elements of such additional Section. Each such Section will be and remain a separate Condominium under the law of Florida, but may be operated and managed, as aforesaid, through the said Association in conjunction with the other Sections of WHISPERING SANDS CONDOMINIUM VILLAGE collectively, so that there may be common control, unity of policy, procedure, management and purpose, among all Sections. . . All grantees ... and their successors and assigns ... do hereby agree to the foregoing." (Italics supplied.)
Article XI of each declaration provides for the developer to manage the condominium for a certain period of time and then to turn the management over to the unit owner's Association (now the appellee herein) provided for and referred to in Article I first above-quoted. Article XI further provides:
"At such time as Developer turns over the management of the Association and *757 Condominium affairs to the Unit owners, the Unit owners shall themselves through the Association determine the monthly maintenance charges and assessments to thereafter be assessed and collected and provide for themselves through the Association the items set forth above as well as all other services, benefits or improvements thereafter determined necessary by the Association... ." (Italics supplied.)
It is undisputed that as to the entire complex, the Association is responsible for the budgeting and management expenses common to the whole complex; but as to the budgets of each section, appellant contends, and we agree, that under the quoted provisions of the declarations the unit owners of each section control as to the elements common only to that section and that such budgets are merely to be administered and managed by the Association.
On March 19, 1974, the Association adopted a resolution that made the following findings of fact: That the declarations of condominium of all sections reveal a clear intent to treat the condominium village as though it were one condominium with a single uniform policy; that the declarations required the Association to maintain all buildings and grounds for the benefit of all unit owners; that the value of all units would seriously decline if the common elements of any section were permitted to deteriorate; that there is no practical way to measure the exact value to each condominium parcel of the maintenance of the common elements; and there is no practical way to ascertain the precise share of the costs of maintenance of the common elements to be charged against the owner of each unit. The resolution then resolved
"[T]hat all charges and costs for the maintenance, repair and replacement of the common elements of each section and those parts or portions of units for the maintenance or repair of which the Whispering Sands Condominium Association is liable (with the exception of capital expenditure as that term is used according to commonly excepted [sic] accounting principles and major outlays which the Board of Directors determines are assessable against the individual units or sections) be prorated equally among the owners of all units under the administration, management or control of the Whispering Sands Condominium Association in the ratio of one part for each unit owned by said owners."
Thereafter the budgets were prepared and common expenses allocated on a basis of the total number of units in the condominium complex with each unit paying an equal share. This action ensued in which plaintiff-appellant sought a declaration of his rights under the declaration of condominium and the resolution adopted by defendant-appellee. The court ruled that the resolution of March 19, 1974 and the budgets of the Association prepared pursuant thereto are within the authority granted to the Association by the declarations of condominium and the bylaws. We cannot agree.
It may well be that the purposes of the Association in its resolution aforesaid are desirable, sensible and expedient. The fact remains, however, that the net result of its implementation is to change without his consent a unit owner's share of the common expenses he has assumed and agreed to in his declaration of condominium. Under the resolution he would bear a share of the expenses of the elements common respectively to each of the other six sections in contravention of the express prohibition in the aforequoted Article I against merger of the common elements.
A declaration of a condominium is more than a mere contract spelling out mutual rights and obligations of the parties thereto  it assumes some of the attributes of a covenant running with the land, circumscribing the extent and limits of the enjoyment and use of real property. Stated otherwise, it spells out the true extent of the purchased, and thus granted, use interest therein. Absent consent, or an amendment of the declaration of condominium as may be provided for in such declaration, or as may be provided by statute in the absence *758 of such a provision,[1] this enjoyment and use cannot be impaired or diminished.[2] None of the conditions precedent exists here, although the declarations do provide for means of amendment as to each section by an extraordinary vote of the unit owners therein.
Appellee alludes to the fact that a straw vote was taken on the resolution among all unit owners in the entire complex and that 224 approved and 23 disapproved. Further, it points out that the unit owners in appellant Pepe's section, Section Six, voted 45 to 16 in favor of the resolution. This all may be true and, indeed, if it is, the Association ought have no difficulty in getting the necessary votes to amend the declaration as to Section Six.[3] The declaration was not amended, however, simply by the straw vote. Moreover, we would suggest that a "straw vote" is an entirely different device than is that employed in an amendatory process. Certainly, a simple "straw vote" would not be conducted with the same solemnity, deliberation and debate we would expect from a campaign to amend a declaration of condominium in which the very property rights and obligations of the parties are formally spelled out.
We have carefully considered the remaining two points raised by appellant on this appeal and are persuaded that no comment need be made thereon and that no reversible error with respect thereto is made to appear.
In view whereof, the judgment appealed from should be, and the same is hereby, reversed as to the matters raised under Point One relating to the consolidation of budgets. It is affirmed with respect to Points Two and Three. The cause is remanded for further proceedings not inconsistent herewith.
GRIMES, Acting C.J., and SCHEB, J., concur.
NOTES
[1] See Section 711.10, F.S.A., as amended in 1974.
[2] See Thiess v. Island House Association, Inc., 311 So.2d 142 (Fla.2d DCA 1975).
[3] This assumes, of course, that any amendment sought does not otherwise offend the declaration or existing law.