360 So.2d 470 (1978)
WINSTON TOWERS 200 ASSOCIATION, INC., Appellant,
v.
Joseph SAVERIO, Appellee.
No. 77-280.
District Court of Appeal of Florida, Third District.
July 11, 1978.
Morton S. Braverman, North Miami Beach, for appellant.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Vincent E. Damian, Jr., Miami, for appellee.
Before HAVERFIELD, C.J., PEARSON, J., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
PER CURIAM.
Plaintiff condominium association appeals a final judgment for defendant unit owner in an action seeking to enjoin the keeping of a pet.
Defendant, Joseph Saverio, purchased a unit in the Winston Towers Condominium in December, 1971. He owned a female dog which was properly registered with the plaintiff, Winston Towers 200 Association, Inc. In February, 1974, the members of the association voted to amend the by-laws with respect to the ownership and replacement of pets. The amended by-law provided that all pets, including any pet acquired as a replacement of a prior pet not registered as of February 28, 1973 would not be permitted on the premises. Any unit owner violating this provision would be assessed a fine of $10 per day. In May, 1975 Mr. Saverio's dog gave birth to two pups, one of which he decided to keep. The association informed him that since the pup could not be registered, he was not permitted under the amended by-laws to keep it and unless he removed the pup from the premises he would be fined $10 per day. Mr. Saverio refused to comply and the association brought the instant action seeking to enjoin him from keeping the pup. A hearing was held at which only the attorneys for the parties argued. After argument of counsel, the judge ruled that the by-law in question was invalid and unenforceable in that it attempted to impose a retroactive regulation. He thereupon denied the relief sought by the association and entered judgment for Mr. Saverio. We affirm.
The record supports the trial judge's determination that the subject amendment to the by-laws was void and unenforceable *471 inasmuch as it was an attempt to impose a retroactive regulation. We, therefore, conclude that the judge correctly entered judgment for Mr. Saverio.
Affirmed.