368 So.2d 629 (1979)
WILSHIRE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Lize KOHLBRAND, Appellee.
No. 78-59.
District Court of Appeal of Florida, Fourth District.
March 14, 1979.
*630 William J. Bosso, of Bosso & Bosso, Riviera Beach, for appellant.
Dean J. Rosenbach and Michael A. Blank, of Lewis, Vegosen, Koeppel & Rosenbach, Palm Beach, for appellee.
MOORE, Judge.
The sole question presented on this appeal is the enforceability of the following regulation contained in appellant's Declaration of Condominium:
"Dwelling unit owners of dwelling units who own dogs (commonly known as lap dogs) at the time of purchase of such dwelling unit, shall be permitted to keep and harbor them in the condominium, provided, however, such dog shall not be replaced upon death or otherwise. In no event shall any pet of any kind be permitted in the swimming pool area or in any of the common elements of the condominium unless on a leash or carried."
Appellant is the condominium association formed pursuant to a Declaration of Condominium. The above-quoted regulation appears as Article XII, Section E, of the Declaration of Condominium. Appellant commenced this action to permanently enjoin appellee from violating this regulation. Relying upon another section of the Declaration of Condominium pertaining to nuisances the trial court found that appellee's replacement dog was not a nuisance and therefore determined the regulation to be an unreasonable restriction on the rights of appellee to enjoy her condominium unit. We respectfully disagree with the able trial judge.
Neither the appellant nor the appellee raises any other issue than that concerning the paragraphs of the Declaration dealing with pets and nuisances. We have not been furnished with the complete Declaration of Condominium or the By-laws of the Association. Our opinion is therefore limited to the sole issue of the enforceability of the restriction against replacing dogs upon the latter's death or otherwise.
This court has previously addressed the scope of permissible condominium regulations in Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975) where Judge Downey, speaking for the court, said:
"... It appears to us that inherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub-society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization... .
Certainly, the association is not at liberty to adopt arbitrary or capricious rules bearing no relationship to the health, happiness and enjoyment of life of the various unit owners. On the contrary, we believe the test is reasonableness. If a rule is reasonable the association can adopt it; if not, it cannot. It is not necessary that conduct be so offensive as to constitute a nuisance in order to justify regulation thereof. Of course, this means that each case must be considered upon the peculiar facts and circumstances thereto appertaining." At 181-182.
In the instant case appellee admits knowledge of the restriction at the time she purchased her condominium unit. Her sole argument is the invalidity of the restriction. This case is unlike Winston Towers 200 Association, Inc. v. Saverio, 360 So.2d 470 (Fla. 3d DCA 1978) where a condominium association amended its by-laws to give retroactive effect to a similar restriction. Here, each of the owners purchased his unit knowing of, and accepting, the restriction imposed and in consideration of each other accepting the same restriction. The ultimate effect of this restriction will be a community living arrangement wherein no one will be permitted to keep or harbor a dog in his individual unit. We feel that such a restriction is not only reasonable but *631 contractually sound in light of the circumstances in this case. As stated in Pepe v. Whispering Sands Condominium Ass'n., 351 So.2d 755, 757 (Fla. 2d DCA 1977):
"A declaration of a condominium is more than a mere contract spelling out mutual rights and obligations of the parties thereto  it assumes some of the attributes of a covenant running with the land, circumscribing the extent and limits of the enjoyment and use of real property... ."
Several New York cases have held that a cooperative association can prohibit the keeping and harboring of dogs as a matter of law. See, Knolls Cooperative Section No. II, Inc. v. Cashman, 14 N.Y.2d 579, 248 N.Y.S.2d 875, 198 N.E.2d 255 (1964), aff'g. App.Div., 243 N.Y.S.2d 182; Hilltop Village Cooperative # 4 Inc. v. Goldstein, 43 Misc.2d 657, 252 N.Y.S.2d 7 (1964); Luna Park Housing Corp. v. Besser, 38 A.D.2d 713, 329 N.Y.S.2d 332 (1972); Kingsview Homes, Inc. v. Jarvis, 48 A.D.2d 881, 369 N.Y.S.2d 201 (1975). We adopt the view that a restriction against the replacement of dogs is reasonably consistent with principles that promote the health, happiness and peace of mind of unit owners living in close proximity.
Accordingly, the judgment appealed from is reversed and remanded with instructions to enter judgment for the appellant, condominium association.
REVERSED and REMANDED.
BERANEK, J., and FARRINGTON, OTIS, Associate Judge, concur.