## Perlman v. Hillrise Towers Condominium Association

*H. David Rothman*, for plaintiff.
*Alan L. Ackerman,* for defendant.

FINKELHOR, *J.*, October 29, 1979—The above action in equity comes before the court en banc on defendant's exceptions to the opinion and decree nisi[1] of the Chancellor dated August 2, 1979.

The Chancellor ruled that plaintiff, a purchaser of a condominium unit in the Hillrise Towers Condominium, did not receive actual or constructive notice of a house rule[2] adopted by the council of the

---

1. The parties stipulated that the hearing on the preliminary injunction would go to the final merits of the dispute.

2. "Owners and residents may not house pets within their units. Those pets on the property on 1 September of 1978 are exempt from this rule, but those pets cannot be replaced when removed from the property. The Council, in its discretion and in addition to other remedies, may require exempt pets to be removed if they cause any inconvenience, damage, noise or other unpleasantness."

Condominium Association to prohibit the housing of pets within the apartment units and that, therefore, this rule, as adopted June 19, 1978, was not binding on plaintiff-purchaser.

In order to simplify review of the decision of the Chancellor, the initial adjudication, which was in rhyme, is converted to prose and the facts are briefly summarized.

The Hillrise Condominium was converted in May 1978 from rental housing to a condominium in accordance with the terms of the Unit Property Act of July 3, 1963, P.L. 196, 68 P.S. §700.101 et seq. At an uncertain date, an owners association was organized and a code of regulations was adopted. Membership in the association was limited to unit owners and a five-member council was constituted the governing body of the association.

On or about June 19, 1978, this council adopted a set of so-called house rules to govern the so-called details of "the use and operation of the property or of the common elements." Code of Regulations, Art. V. Included in said house rules was a restriction upon the housing of pets by unit owners or residents. This rule was not posted in the building nor was it recorded.

On or about May 11, 1979, plaintiff Perlman purchased a unit from one Lee Lazar through the Howard Hanna Agency. While a copy of the Declaration and Code of Regulations were provided the agency, Lazar failed to supply a copy of the house rules. Plaintiff visited the premises prior to purchase and observed dogs on the premises. It was not until after the consummation of the purchase that plaintiff was notified of the house rules and specifically the prohibition against pets.

The Unit Property Act, supra, provides for procedures for the creation and operation of con-

dominium units in the Commonwealth. Article III, titled Administrative Provisions, 68 P.S. §700.301 et seq., requires a code of regulations[3] to govern the administration of the property and further provides that said regulations "shall be duly recorded."

Article V of the act, titled Recording, specifically provides: "No declaration, declaration plan or code of regulations, or any amendments thereto, shall be effective until the same have been duly recorded." 68 P.S. §700.502.

Section 700.303 states the provisions required to be included in the code, including the "method of adopting and of amending rules governing the details of the use and operation of the property and the use of the common elements." Section 700.306 further sets forth the duties of the governing council to include the promulgation, distribution and enforcement of the "rules" governing the details of the use and operation of the property and the use of the common elements.[4]

While the statute specifically refers to and defines the code of regulations, there is no similar definition of *rule*. While sections 700.303 and 700.306 refer to "rules," there is no clear delineation of their status or that rules are *not* required to be recorded.

At an uncertain date, Hillrise Towers Condominium Association adopted and recorded a code of regulations consisting of ten articles and 14 typewritten pages. While Article 5(d) of said code speaks of rules and regulations, there is nothing in

3. Article I defines code of regulations as "such governing regulations as are adopted pursuant to this act for the regulations and management of the property."

4. Counsel for plaintiff has argued that house rules cannot place restrictions on use.

the entire 14 pages that specifies the manner of adopting a so-called rule or the effect of said rule.[5]

Based upon a careful study of the act and the Code of Regulations of the condominium association, the Chancellor reached the initial conclusion that plaintiff lacked constructive notice of the house rules—either by the specific recording of such rule as an amendment to the code of regulations or that the code of regulations gave notice to potential purchasers that, in addition to the code, there were also house rules, adopted by the council or association, to further regulate use and occupancy of the property. This is particularly important in view of the detailed provisions for use and occupancy restrictions under Article VIII of the recorded Hillrise Code. Such matters as trash, garbage and other waste disposal, alterations to the premises and the manner of decorating are specifically set forth in the regulations. Yet there is no provision, authorization or statement in the recorded code dealing with restrictions on animals and pets,[6] or that, in addition to the recorded regulations, there are additional rules restricting use of

5. Defendant contends that Article V, section 2(d) gives notice of the house rules. This section provides as follows:

"The powers of the Council shall include but not be limited to the following: . . . (d) To promulgate such rules and regulations concerning the operation and use of the Property or of the Common Elements as may be consistent with the Declaration and this Code of Regulations and to amend the same from time to time; . . ." However, this general language does not give notice that unrecorded house rules govern the use of the property units.

6. A simple statement in the code of regulations to the effect that the regulations were amplified by house rules would have alerted plaintiff to additional restrictions. As stated by the President of the association, the so-called "dog rule" was not recorded to avoid the costs of said recording.

the unit. The purpose of recording is to give notice to prospective purchasers: 31 P.L.E. Records, 205, §2.

It was and is defendant's contention that the burden fell upon the purchaser to investigate other restrictions on use from residents, the real estate agent or the seller. There are no Pennsylvania cases specifically considering this issue. However, under the total scheme of the Unit Property Act, this burden is placed upon the condominium to give constructive notice of use restrictions or, at the very least, the existence of such use restrictions. It is, therefore, our conclusion that the house rule adopted by defendant did not comply with the Unit Condominium Act and was therefore unenforceable.[7]

In the course of argument by counsel on this matter, the court's initial ruling has been construed in a number of different ways and requires clarification. First, the court did not rule on whether or not a pet regulation can be adopted by a condominium. From an examination of the cases,[8] we would believe that such a regulation or rule, if properly adopted, would be permissible. Second, the Chancellor did not rule that the condominium had no power to enact house rules. Nor did the Chancellor rule that plaintiff Perlman is forever exempt from the house rules for the association. In addition, no ruling was made on the liability of the previous unit owner to plaintiff and this matter was not argued before the Chancellor at the initial hearing.

---

7. Based on our conclusion, it was not necessary to consider other arguments of counsel.

8. Kingsview Homes Inc. v. Jarvis, 369 N.Y.S. 2d 201 (1975); Wilshire Condominium Assn. v. Kohlbrand, 368 So. 2d 629 (Fla. 1979).

Pursuant to the evidence presented at the hearing and the Unit Property Act of Pennsylvania, absent some indication in the recorded documents of the association that there were separate house rules, as opposed to regulations, to govern the use and occupancy of the units, such rules are not binding on a purchaser.

Based upon the above discussion, the exceptions to the Chancellor's decree are dismissed and a final decree will be entered in this matter.

## FINAL DECREE

And now, October 29, 1979, after full consideration of the exceptions filed by defendant Hillrise Towers Condominium Association to the Chancellor's decree nisi and adjudication, it is hereby ordered, adjudged and decreed that said exceptions are dismissed and defendant is enjoined from enforcing House Rule 10, prohibiting pets within the units of Hillrise Towers Condominium, against plaintiff Harriet Ellen Perlman.