423 So.2d 509 (1982)
STAR LAKE NORTH COMMODORE ASSOCIATION, INC., Appellant,
v.
Michael M. PARKER and Carmina M. Parker, His Wife, Appellee.
No. 82-551.
District Court of Appeal of Florida, Third District.
December 14, 1982.
*510 Becker, Poliakoff & Streitfeld and Edward S. Polk and Alan Becker, Fort Lauderdale, for appellant.
Sheldon R. Rosenthal, Hollywood, for appellees.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant's Declaration of Condominium provides, inter alia:
16. Obligations of Members. In addition to obligations and duties heretofore set out in this Declaration, every condominum parcel owner shall:
* * * * * *
N. Not allow any children under fourteen (14) years of age to reside on the premises except as permitted under the regulations established from time to time by the Association.
There is no showing here that any regulations have been established which would permit children to reside in the building.
Appellees moved into the condominium unit in 1975 with knowledge of the ban against small children. On February 7, 1981, a child was born to them and has continually resided in the unit in violation of the Declaration. Appellees' sole defense to the complaint to enforce the age limitation provision of the Declaration of Condominium is that they began residing in the condominium under the mistaken belief they were physically unable to have children and therefore are innocent of any malicious motive or intentional or willful action to violate the Declaration of Condominum.
In holding the age restriction unenforceable against appellees, the trial court found:
5. Under White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979), a declaration of condominium containing a restriction against residency by children under a certain age is not constitutionally prohibited unless unreasonably or arbitrarily applied. In the present case, there is no allegation of arbitrary enforcement, nor has there been any evidence from which this Court can deduce that the restriction is being applied arbitrarily. This Court must, however, determine whether the restriction in question is necessary for the operation and protection of this Condominium Association, and whether the age restriction is reasonably applied to these Defendants. In making that determination, this Court has been guided by the analysis of the Fourth District in Monell v. Golfview Road Association, 359 So.2d 2 (Fla. 4th DCA 1978), and by Wilshire Condominium Association, Inc. v. Kohlbrand, 368 So.2d 629 (Fla. 4th DCA 1979).
6. In balancing the relative conveniences and equities of these parties, the Court finds that any good to be obtained by enforcement of Section 16(N) of the Declaration of Condominium would be wholly disproportionate to the harm which would be done to the Defendants... .
Neither of the cases relied upon by the trial court for guidance has any application *511 to these facts. The Court in Monell v. Golfview Road Association, 359 So.2d at 2, applied the equitable principle "balancing of conveniences" to the classic situation where, allegedly, a party's land improvements encroached technically and unintentionally on the land use rights of a neighbor. It was held that the Association's construction of speed bumps on a roadway over which appellant had equal easement rights, and over his objections, rendered the road practically unusable. The Association was ordered to remove the speed bumps because the encroachments were both substantial and willful. The same court held reasonable a provision in the Declaration of Condominium which permitted purchasers of condominium units to keep small dogs which they owned at the time of purchase of the units, but prohibited replacement of the dogs "upon death or otherwise". Wilshire Condominium Association, 368 So.2d at 630. Either case, though not on the point, is more supportive of appellant's arguments. Even if it were appropriate to balance the equities  although in this case we think it is not  appellees' violation of the age restriction limitation is not technical but substantial. The very purpose of provision 16(N) is to protect the "adult community" character of the facility. Further, as conceded, the rule prohibiting children under the age of fourteen is not arbitrary or capricious, either inherently or as applied.
White Egret Condominium, Inc. is dispositive of the issue raised by this appeal. It holds that age limitations or restrictions are reasonable means to accomplish the lawful purpose of providing appropriate facilities for the differing housing needs and desires of varying age groups. The showing that the birth of the child in this case was unexpected is not sufficient to justify not enforcing the restrictions. Appellees were required to demonstrate that the restriction was being enforced selectively or arbitrarily, or that as applied to them the restriction was oppressive, none of which is evidenced in the record before us.
Reversed.