427 So.2d 781 (1983)
Natalio and Huri DE SLATOPOLSKY, Appellants,
v.
BALMORAL CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 82-1183.
District Court of Appeal of Florida, Third District.
March 1, 1983.
Rehearing Denied March 24, 1983.
Mann, Dady, Corrigan & Zelman, Miami and Marvin B. Nodel, for appellants.
Becker, Poliakoff & Streitfeld and Daniel S. Rosenbaum, Fort Lauderdale, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The defendants appeal from a permanent injunction prohibiting their children under the age of fourteen from permanently residing with them in a condominium unit. We affirm.
The controversy in this case concerns the proper construction of the following provision of the Declaration of Condominium:
No children under 14 years of age may reside in the condominium (unless permitted by law) but they may visit for reasonable periods of time during each calendar year.
*782 The defendants argue that the clause is ambiguous in that the parenthetical phrase "unless permitted by law" means that children may reside in the condominium if, under the laws of Florida, children can reside in condominiums. Plaintiff contends that the phrase was inserted to indicate that the restriction would be ineffective if such provisions were found by the court to be unlawful.
Both parties have placed tremendous emphasis on the meaning of the parenthetical phrase. We find it to be nothing more than an attempt to state that the restriction was subject to the laws of the state. Implied in every contract is the fact that it is to be interpreted and enforced in accordance with the law. Department of Insurance, State of Florida v. Teachers Insurance Co., 404 So.2d 735 (Fla. 1981); Bedell v. Lassiter, 143 Fla. 43, 196 So. 699 (1940). As such, there is no ambiguity created by the phrase in issue.
Accordingly, we affirm.