462 So.2d 835 (1984)
EVERGLADES PLAZA CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
George D. BUCKNER, Appellee.
No. 83-1474.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Rehearing and Rehearing Denied February 25, 1985.
*836 Larry Klein, and Pucillo & Schilling, West Palm Beach, for appellant.
Edna L. Caruso, Edna L. Caruso, P.A., West Palm Beach, and Edward E. Kuhnel, P.A., Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 25, 1985.
LETTS, Judge.
A condominium amended its declaration, previously silent on the subject, so that children under 16 could no longer reside there. An apartment owner, who had purchased his unit prior to the amendment, but had no children residing there when the amendment was passed, subsequently remarried thereby acquiring a ten year old stepchild whom the Association sought to exclude by injunction. The trial judge held the original provision in the declaration concerning amendments, to be ambiguous, to be discriminatory and to excuse this particular owner from compliance because he would not alter the charted course of the complex as an "adults only" community. We reverse.
The original provision in the declaration concerning amendments read:
[n]o amendment shall discriminate against any apartment owner nor against any apartment or class or group of apartments unless the apartment owner, so affected shall consent; and no amendment shall change any apartment nor the share in the common elements appurtenant to it, nor increase the owner's share of the common elements unless the record owner of the apartment and all record owners of liens therein, shall join in the execution of the amendment.
Additionally, the declaration required an affirmative vote of 80% of the owners before any amendment could become effective. In fact, an 87% vote barring children was obtained in the instant case, the stepfather abstaining from that vote because of heart problems, hypertension and belief that he was "grandfathered in" and thus unaffected.
Addressing the trial judge's reasons in order, we see no ambiguity in the proviso on amendments for it plainly states, and we paraphrase, that the Association cannot discriminate against an apartment or its owner, unless he consents and cannot physically alter an apartment or increase its proportionate share in the common elements. What could be less ambiguous than that?
*837 The only questions that need be answered are, was the owner discriminated against or was he grandfathered in?
At the time of the instant amendment, the stepfather had no resident child and so far as the record reveals, no plans to acquire one. To hold that an apartment owner could forever immunize himself from any changes in the condominium declaration because he might in the future want to exercise claimed prerogatives under the founding document, would prohibit any amendment ever unless 100% of the owners acquiesced or consented. That simply is not the law which even contemplates amendment by state statute. Section 718.110, Florida Statutes (1983). With certain exceptions, condominium documents can be changed and changes have been upheld in a legion of cases which need no citation.
The stepfather argues that the portion of the proviso which begins: "and no amendment shall change any apartment" effectively blocks the amendment here adopted. However, this latter portion of the proviso, separated by a semicolon, in our view is intended only to protect the apartment's physical character, its proportionate share of the common elements and lien holders. In this regard, though we were not cited to it, the proviso obviously tracks Section 718.110(4), Florida Statutes (1983).
As the Association's brief remarks: "The prohibition against children residing in the apartment building is applicable to everyone and there were no children residing in the building at the time the amendment was passed... . The obvious purpose of the provision against discrimination is to protect the unit owner who has a child living with him at the time the amendment is passed."
In the same vein the cases of White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979) and Star Lake North Commodore Association, Inc. v. Parker, 423 So.2d 509 (Fla. 3d DCA 1982) establish that a prohibition against children is not invalid and does not discriminate against those who buy an apartment and later have children. It is true, as the stepfather points out, that the original documents in both White Egret and Parker prohibited children prior to purchase whereas there was no such prohibition at time of sale in the case at bar. Nonetheless, the slate was wiped clean at the time of the adoption of the amendment when, as in White Egret and Parker, the stepfather had no resident children, so far as the record shows, and no prospect of having any. This is altogether different from the parent who has a child already permanently living with him at the time of an amendment barring children.
The trial judge in finding discrimination appeared to discover it from the fact that the "adults only" desired status of the building would be preserved because the vast majority of the owners were too old ("over the ages of sixty and seventy") to have children or get remarried. By contrast, he found that this comparatively youthful stepfather, despite adult children of his own, was not. Ergo, he was discriminated against because of youth. We decline to accept this argument. Not only are the woods full of old men who marry young women and demonstrate unexpected virility, but, more to the point, the woods are more full of children consigned to their grandparents because of domestic tragedy. To allow this stepfather to bring in after-the-amendment children, but prohibit another more elderly unit owner from bringing in his grandchildren, even though he also had purchased his apartment before the amendment, would constitute the very discrimination which the stepfather erroneously claims here.
We find the facts and circumstances of this case, and our comments set forth above, equally dispositive of the grandfather claim which we likewise reject.
REVERSED AND REMANDED.
DELL, J., and GEIGER, DWIGHT L., Associate Judge, concur.