467 So.2d 378 (1985)
CONSTELLATION CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, Appellant,
v.
Daniel J. HARRINGTON, and Sandra J. Harrington, His Wife, Appellees.
No. 84-8.
District Court of Appeal of Florida, Second District.
March 20, 1985.
Rehearing Denied April 15, 1985.
*379 Orrin M. Gowen of Fisher & Sauls, St. Petersburg, and Franklyn J. Wollett of Fisher & Sauls, Seminole, for appellant.
*380 Seymour A. Gordon of Gay & Gordon, St. Petersburg, for appellees.
DANAHY, Judge.
This case involves the enforceability of a condominium age restriction. Appellant, Constellation Condominium Association, Inc. (the Association), appeals from a final judgment denying its request for injunctive relief, court costs, and attorneys' fees. The Association sought to enjoin the appellees, Daniel J. Harrington and his wife Sandra (the Harringtons), from residing with their infant child as permanent residents in their condominium unit. The Association alleged that the Harringtons and their child were living as permanent residents in their unit in violation of the age restriction in the condominium rules. These rules, promulgated pursuant to the Declaration of Condominium, were recorded with other condominium documents in the official records of Pinellas County (Condominium Documents).
The Association presents three issues on appeal. The first questions whether the trial court erred in not granting injunctive relief by misconstruing Rule 26, the age restriction regulation.[1] The second claims error in the trial court's determination that Rule 26, as amended, was being applied to the Harringtons at all.[2] The third claims that after the nonjury trial the court abused its discretion in not allowing the Association to reopen its case to present testimony on entitlement to and amount of attorneys' fees under the Condominium Act, section 718.303, Florida Statutes (1983). We agree with the Association's first issue and reverse.
The facts are not in dispute. Mr. Harrington is a realtor who handles most of the sales at the Constellation Condominium project. Mrs. Harrington is a rental agent employed by her husband's real estate company. The Harringtons completed the purchase of their unit on January 15, 1981, and have resided there since. The day after the closing, Mrs. Harrington's doctor told her that she was pregnant. Since the child's birth on August 30 of that year, the child has permanently resided with his parents in their unit.
After learning of the pregnancy and prior to the birth of their child, the Harringtons and the Association met to resolve the Harringtons' predicament. It was agreed that the Harringtons would abide by Rule 26 and remove themselves from their unit. The Association agreed to delay enforcement of the rule and to review the situation in six months, giving the Harringtons a reasonable time to carry out their agreement. The agreement, documented in a letter from the Harringtons to the Association, read:
Please be advised that our intent is to market our unit # 307 Constellation Building expeditiously at market value and to negotiate the purchase of a home for our expanding family.
Approximately six months later the Association reviewed the situation with the Harringtons and, because of their efforts to sell the unit, agreed to give them another six months. However, when the Association later requested a status report and did not hear from the Harringtons, it notified the Harringtons of its decision to enforce the rule and ordered them to vacate their unit within ninety days. The Harringtons did not comply and in November *381 1982 the Association filed suit pursuant to the Condominium Act.
At trial it was shown that:
1. The Harringtons were familiar with, and fully understood, the Condominium Documents, including the age restriction rule.
2. At all times the infant child resided in the unit as a permanent resident with his parents.
3. The frequent use of the facilities on a temporary rather than permanent basis by all children did not violate any rule.
4. The Harringtons had purchased their unit for $88,500 and were unwilling to reduce the current listing price of $112,750.
5. The Harringtons had not yet sold their unit and were reluctant to incur additional costs related to moving out.
6. The Association, since assuming control from the developer, had consistently enforced the age restriction.
7. The Association introduced no evidence regarding its request for attorneys' fees.
In its final judgment, the trial court denied the injunctive relief requested by the Association on two grounds: (1) That Rule 26, in effect when the Harringtons acquired their unit, did not specifically prohibit children under twelve years of age from residing as permanent residents at the condominium and, therefore, the Harringtons had the right to reside in their unit with their child; and (2) that the amended Rule 26 was invalid and unenforceable against the Harringtons as an attempt to impose a regulation retroactively.
As to the first issue on appeal, we agree with the Association that the trial judge failed to properly construe Rule 26, the age restriction. As we previously noted, Rule 26 was recorded as part of the Condominium Documents. The rule, therefore, is clothed with a very strong presumption of validity because each purchaser has adequate notice of the restrictions to be imposed and thereafter purchases his unit knowing of and accepting the restrictions. Beachwood Villas Condominium v. Poor, 448 So.2d 1143 (Fla. 4th DCA 1984); Hidden Harbour Estates, Inc. v. Basso, 393 So.2d 637 (Fla. 4th DCA 1981); Wilshire Condominium Association v. Kohlbrand, 368 So.2d 629 (Fla. 4th DCA 1979). Accordingly, courts will not invalidate a restriction found in the recorded condominium documents absent a showing that it is clearly ambiguous, wholly arbitrary or unreasonable in its application, violates public policy, or abrogates some fundamental constitutional right. See White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979); Everglades Plaza Condominium Association v. Buckner, 462 So.2d 835 (Fla. 4th DCA 1984); Hidden Harbour Estates; Pepe v. Whispering Sands Condominium Association, 351 So.2d 755 (Fla. 2d DCA 1977).
In the case before us, there has been no such showing. The pertinent language of Rule 26 is not ambiguous and is, therefore, not subject to interpretation. See Pedersen v. Green, 105 So.2d 1 (Fla. 1958); Schmidt v. Sherrill, 442 So.2d 963 (Fla. 4th DCA 1983); Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971). We stress here that the parties have agreed that the Harrington child is a permanent resident and is, of course, under twelve years of age. Therefore, we need concern ourselves only with the operative language of the rule  "children twelve years of age and older are allowed as permanent residents." This operative language is found in identical form in Rule 26 and Rule 26 as amended. The trial judge ruled that this language did not specifically prohibit a child under twelve from permanently residing in the condominium and, therefore, refused to enforce the age restriction. In doing so, we believe she applied a wrong construction to the language. We give that language an opposite meaning since we think it is clear, unambiguous, and in conformity with the understanding of the parties. Most certainly, if the clause is not a specific *382 prohibition on its face  which we believe it is  it strongly implies that children under twelve are prohibited from permanent residency. See Welles v. Berry, 434 So.2d 982 (Fla. 2d DCA 1983). More important, the Harringtons never indicated that they felt Rule 26 was vague or ambiguous or that they understood the rule meant something other than "to prohibit children under twelve years from residing as permanent residents." The Harringtons at all times demonstrated this understanding by their conduct, including their complete understanding of the Condominium Documents when they purchased their unit, their later agreement to comply with the rule and move after learning of the pregnancy, and their efforts to sell their unit.
In White Egret our supreme court examined a condominium age restriction which prohibited children under the age of twelve from residing on the condominium premises. The court first considered age restrictions to be:
[A] mutual agreement entered into by all condominium apartment owners of the complex. With this type of land use restriction, an individual can choose at the time of purchase whether to sign an agreement with these restrictions or limitations. Reasonable restrictions concerning use, occupancy, and transfer of condominium units are necessary for operation and protection of the owners in the condominium concept.
Id. at 350. The court then held that "a condominium restriction or limitation does not inherently violate a fundamental right and may be enforced if it serves a legitimate purpose and is reasonably applied." Id. at 350. The court concluded by specifically upholding age restrictions as a "reasonable means to accomplish the lawful purpose of providing appropriate facilities for the differing housing needs and desires of the varying age groups." Id. at 351. Everglades Plaza; Coquina Club, Inc. v. Mantz, 342 So.2d 112 (Fla. 2d DCA 1977).
In the instant case, Rule 26 is neither odious nor used to prevent people from finding housing but, rather, is reasonable and consistent with principles that promote the desires of unit owners living in close proximity. See White Egret; Wilshire.
In a case factually similar to our own, Star Lake North Commodore Association v. Parker, 423 So.2d 509 (Fla. 3d DCA 1982), the unit owners moved into the condominium with knowledge of the ban against small children. Subsequently, a child was born to them and continually resided in the unit in violation of the condominium documents. The trial court held the age restriction unenforceable against the couple and attempted to construe the White Egret case as requiring some type of balancing of the relative conveniences and equities of the parties. In reversing the decision, the Third District stated that a showing that the birth of the child was unexpected was not sufficient to justify not enforcing the restrictions. We agree with the rationale and holding of our sister court in Star Lake. Accordingly, we hold that the violation of the age restriction of which the Harringtons had knowledge was substantial and that the showing that the birth of the Harrington child was unexpected was insufficient to justify the denial of the enforcement of the rule. Everglades Plaza.
Because we conclude that the age restriction was unambiguous, valid and enforceable, the Harringtons were required to then demonstrate that the restriction was being enforced selectively or arbitrarily, or that, as applied to them, the restriction was oppressive. White Egret; Star Lake. They have failed to do so. There was no testimony or evidence in the record before us that the restriction had been enforced selectively or arbitrarily by the Association after it took control from the developer. In fact, the Association, as evidenced by its successful eviction proceedings against violators, has consistently enforced and precluded any further violations of the age restriction relating to permanent residency. The enforcement of the rule does not constitute selective and arbitrary conduct proscribed in White Egret. Prior actions of a developer cannot be used *383 against an association in an attempt to establish such conduct by the association. Ladner v. Plaza Del Prado Condominium Association, 423 So.2d 927 (Fla. 3d DCA 1982), petition for review denied, 434 So.2d 887 (Fla. 1983). Furthermore, evidence in this case of children under twelve years of age residing temporarily in the units is irrelevant. The evidence of the temporary residency and use of condominium amenities by young children is not inconsistent with the prohibition against permanent residency by young children as contained in the operative language of the rule in this case.
The argument of the Harringtons that it would be oppressive to apply Rule 26 to them is without merit. From the time they learned of the pregnancy to the institution of the lawsuit, the Harringtons had almost two years within which to sell their condominium unit and find other living accommodations. Although the unit has been for sale during most of that period, it appears that the Harringtons are simply unwilling to lower the listing price of $112,750, even though a sale at somewhat under that figure would still result in a substantial profit on the purchase price of $88,500. The Harringtons do not contend that they are unable to sell their unit for considerably more than the purchase price. We cannot agree with the Harringtons' contention that the result would be oppressive if they had to sell and accept a less desirable profit, albeit not the profit they wished. This seems particularly true in light of the forebearance and accommodation afforded the Harringtons by the Association during the two-year period after the parties learned of the pregnancy. The Harringtons knew what they were agreeing to when they purchased the unit. They knew that should a child be born to them it would be a violation of the age restriction to remain and that they would be required to sell or find other accommodations. The condominium rule was clearly understood by these two real estate professionals, and it was neither unreasonably nor selectively applied to them. The Association has the right to expect enforcement of the rule. Accordingly, we reverse that portion of the order denying enforcement and remand this cause with instructions to enter the injunction.
The second issue raised by the Association concerns the application of Rule 26 as it was amended. The final judgment states in pertinent part:
The [Association] amended this Paragraph 26 and recorded the same in O.R. Book 5256, Page 2065. The amendment set a maximum number of days during which a child under the age of 12 years could temporarily reside on the premises. This amended regulation cannot be enforced against the Defendants. The regulation is invalid and unenforceable against these Defendants, in that it attempted to impose a retroactive regulation.
The trial judge was correct in her ruling. See Winston Towers 200 Association v. Saverio, 360 So.2d 470 (Fla. 3d DCA 1978); Wilshire. Be that as it may, Rule 26  not the amended rule  in effect when the Harringtons purchased their unit, is the rule which binds them. The original rule is clear and unambiguous and prohibits children under twelve from permanently residing at the condominium. There has never been any question but that the Harrington child was a permanent resident. Therefore, the amended rule which purports to clarify the extent to which a child under twelve may temporarily reside at the condominium in no way can or does apply to the Harrington child. Thus, the fact that the amended rule cannot be retroactively applied to the Harringtons has no effect on our disposition.
We turn to the Association's third issue. On this record we cannot say that the trial judge abused her discretion and committed reversible error when she refused to reopen the case for the taking of testimony on attorneys' fees. Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2d DCA 1976); Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964), cert. denied, 172 So.2d 601 (Fla. *384 1964). Accord Lhamon v. Retail Development, Inc., 422 So.2d 993 (Fla. 5th DCA 1982); Fifty-Six Sixty Collins Avenue Condominium, Inc. v. Dawson, 354 So.2d 432 (Fla. 3d DCA 1978). Compare Taggart Corp. v. Benzing, 434 So.2d 964 (Fla. 4th DCA 1983), on motion to review, 451 So.2d 1046 (Fla. 4th DCA 1984). Of course, there is no question as to the trial court's authority to enter a post-trial order taxing costs. Roberts v. Askew, 260 So.2d 492 (Fla. 1972).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
OTT, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] When the Harringtons purchased their unit, Rule 26 provided:

Children 12 years of age and older are allowed as permanent residents. However, they should not cause disturbances and their conduct while on any condominium property is the direct responsibility of their parents or guardians at all times. Children under the age of 12 years are allowed as temporary residents during vacations, holidays, weekends, etc.
[2] After the birth of the Harrington child, the Association amended the above rule. The amendment does not delete any language; it simply adds the following provision:

[P]rovided, however, that the maximum total number of days any child under the age of twelve (12) years may temporarily reside on the condominium property during any calendar year is thirty (30) days.