479 So.2d 780 (1985)
Marshall PEARLMAN and Sandra Pearlman, His Wife, Appellants,
v.
LAKE DORA VILLAS MANAGEMENT, INC., Appellee.
Nos. 85-139, 85-593.
District Court of Appeal of Florida, Fifth District.
November 14, 1985.
Rehearing Denied December 23, 1985.
Melvin Pearlman of Pearlman & Kutner, P.A., Fern Park, for appellants.
H.D. Roebuck, Jr., of Cauthen, Roebuck & Hennings, P.A., Tavares, for appellee.
SHARP, Judge.
The Pearlmans (condominium unit owners) appeal from a summary judgment entered in favor of Lake Dora Villas Management, Inc. (a condominium association), which declared constitutional and enforceable against them a condominium declaration provision prohibiting all children under sixteen from permanent residence, except children of transferees from an institutional first mortgagee. They also challenge the trial court's award to the Association of $24,500.00 for attorney fees pursuant to section 718.303, Florida Statutes (1983). We reverse.
Lake Dora Villas Condominium Declaration provides, in relevant part:
Every owner of an interest in one of the units shall (in addition to other obligations and duties set out herein):
(g) Not allow any children under sixteen (16) years of age to reside in permanent residence on the premises except as permitted under uniform regulations established from time to time by the Corporation. This sub-paragraph (g) shall not apply to transferees from an institutional first mortgagee.
The Pearlmans were in violation of this provision after the birth of their infant daughter, since she was a permanent resident of their unit, and they had not purchased the unit from an institutional first mortgagee or a transferee from a first mortgagee.
We agree with the Pearlmans that the provision on its face violates equal protection by its arbitrary creation and treatment of two classes of grantees. Cases are legion upholding condominium age restrictions. White Egret Condominium v. Franklin, 379 So.2d 346 (Fla. 1979); Constellation Condominium Association, Inc. v. Harrington, 467 So.2d 378 (Fla.2d DCA 1985); Everglades Plaza Condominium Association, Inc. v. Buckner, 462 So.2d 835 (Fla. 4th DCA 1984); De Slatopolsky v. Balmoral Condominium Association, Inc., 427 So.2d 781 (Fla. 3rd DCA *781 1983); Star Lake North, Commodore Association, Inc. v. Parker, 423 So.2d 509 (Fla. 3rd DCA 1982); Pacheco v. Lincoln Palace Condominium, Inc., 410 So.2d 573 (Fla. 3rd DCA 1982). However, none of these cases have determined the validity of an age restriction containing an exception, such as the one involved in this case.
In White Egret Condominium v. Franklin, 379 So.2d 346 (Fla. 1979), the seminal condominium age restrictions case in Florida, the court justified the provision as follows:
The urbanization of this country requiring substantial portions of our population to live closer together coupled with the desire for varying types of family units and recreational activities have brought about new concepts in living accommodations ... We cannot ignore the fact that some housing complexes are specifically designed for certain age groups. In our view, age restrictions are a reasonable means to identify and categorize the varying desires of our population.
Id. at 351. The court cautioned against unreasonable uses of age restrictions, stating:
We do recognize, however, that these age restrictions cannot be used to unreasonably or arbitrarily restrict certain classes of individuals from obtaining desirable housing. Whenever an age restriction is attacked on due process or equal protection grounds, we find the test is: (1) whether the restriction under the particular circumstances of the case is reasonable, and (2) whether it is discriminatory, arbitrary, or oppressive in its application.
Id. at 351.
The Association does not argue that children under the age of sixteen whose parents own a unit as transferees from an institutional first mortgagee are less intrusive than those children whose parents obtained title from another source. It speculates such a group may be smaller and the exception is required for financing purposes. However true that may be as a practical matter, the distinction between the two classes of children still remains arbitrary and discriminatory. Therefore, the exception cannot be justified under the rationale of White Egret Condominium v. Franklin.
Accordingly, we hold that the condominium declaration provision is unenforceable and we direct the trial court to enter summary judgment in the Pearlmans' favor. Because the Association is no longer the prevailing party, we reverse the award of attorney's fees.
REVERSED AND REMANDED.