COWART, Judge.
This controversy involves a condominium association, its maintenance man, and an owner of two condominium units.
The condominium association and its maintenance man filed an amended complaint for permanent injunction against the unit owner alleging (1) that the unit owner leased her second unit without first submitting, as required by Article 21 of the condominium declaration, the proposed lease to the Board of Directors of the Condominium Association so that the Association could exercise its option to lease on the same terms offered by the unit owner to any third person, and (2) that the unit owner harassed the Association’s maintenance man. The unit owner answered, attacking the validity of the provisions of Article 21 and also counterclaimed for an injunction against the maintenance man’s alleged harassment of her.
*1106 Article 21 A[1] of the condominium’s declaration is as follows:
21. SALE, RENTAL, LEASE OR TRANSFER.
A. In the event of re-sale, renting, or leasing of said Unit, the Board of Directors of the Association has the option to purchase, rent, or lease the same on the same conditions as offered by the said Unit Owner to any third person. Any attempt to re-sell, rent or lease said Unit without prior offer to the Board of Directors shall be deemed a breach of this Declaration and shall be voidable by the Association by legal action commenced by the Board of Directors within six (6) months of the sale or lease. If no such legal action is taken within said six (6) months, then the transaction shall be deemed approved.
After a final hearing with an advisory jury, the trial court (1) permanently enjoined the unit owner from violating article 21 and affirmatively ordered her to comply with every requirement of it, (2) entered a mutual injunction enjoining the maintenance man and the unit owner from annoying, harassing, or verbally abusing each other, and (3) awarded the unit owner attorney’s fees and costs as the prevailing party under section 718.303, Florida Statutes. Both sides appeal.
The Association defends the injunction, arguing that an injunction can be issued against a violation of a restrictive covenant without showing irreparable injury and that the provisions of Article 21 are tantamount to a restrictive covenant. We do not agree. The right of first refusal of the Association contained in Article 21A is in the nature of a restraint on alienation and not a covenant restricting the use of land. The provisions of Article 21 of this declaration are in the nature of contractual provisions, being an option or right of first refusal in favor of the association. Except in well-established situations where the breach of an agreement results in irreparable injury for which money damages in a law action are inadequate, the breach of an agreement should not be enjoined. This principle is particularly applicable in this case for two reasons. First, there is no way innocent third parties can acquire rights superior to those of the Association.[2] Second, the parties in Article 21 have expressly provided that the Association’s remedy for the owner’s breach of the Association’s right of first refusal as to any sale or lease is for the Association to institute a legal action within six months to have any such sale or lease held void. Certainly an injunction against future breaches would be very convenient to the Association but that is not the agreed remedy or the proper legal remedy. Furthermore, in this instance the injunction deprives this unit owner of her right, expressly provided in the Declaration, to have any such offending transaction deemed approved in the event the Association fails to take legal action within the stipulated six months period, while other unit owners would retain that right. Accordingly, the permanent injunction against the owner involving Article 21 is reversed and vacated. However, we do not hold Article 21 invalid as arbitrary and discriminatory merely because the developer and institutional first mortgage holders are exempt from its operation,[3] as has been contended by the unit owner.
The record indicates that the parties agreed to the entry of the mutual restraining order as to the unit owner and the maintenance man harassing each other. Hence, for that reason, that injunction is affirmed.
*1107 In view of our decision there is no question but that in this controversy the unit owner is the prevailing party and entitled to her attorney’s fees and costs under section 718.303, Florida Statutes. The Association’s motion for attorney’s fees on appeal is denied, the unit owner’s motion for attorney’s fees is granted, and the cause is remanded for the trial court to determine the amount of a reasonable fee for the unit owner’s attorney on appeal.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.

. We have carefully examined the other provisions of Article 21 and find that they do not affect the issues in this case.

. The declaration gives the public constructive notice of the Association’s right of first refusal and the Declaration expressly provides "Every purchaser, tenant or lessee shall take subject to this Declaration and the By-Laws of the Association and the provisions of the Condominium Act."

.See Pearlman v. Lake Dora Villas Management, Inc., 479 So.2d 780 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 830 (Fla.1986), which related to an age restriction.