# WIMBLEDON TOWNHOUSE CONDOMINIUM I ASSOCIATION, INC. v SIEGEL, et al.

Case No. 87-32367 CJ

Seventeenth Judicial Circuit, Broward County

April 27, 1988

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### *ORDER ON MOTION TO DISMISS*

WIMBLEDON TOWNHOUSE CONDOMINIUM I ASSOCIA-TION, INC. brought this action against ANTHONY A. SIEGEL, the owner of a residential condominium unit, LEE D. WILLIAMS, his tenant, and CITY CONSUMER SERVICES OF FLORIDA, INC., the holder of a second mortgage encumbering the condominium unit. In Counts I and II of its three Count Complaint, the Association seeks to foreclose a Claim of Lien for delinquent condominium maintenance

assessments, to extinguish the tenancy's possessory rights in the unit, for money damages against the unit owner. In Count III the Association seeks to extinguish and/or subordinate a second mortgage given by the owner, SIEGEL, to CITY CONSUMER on the grounds that the second mortgage was not approved as required by the Declaration of Condominium.

CITY CONSUMER has filed a Motion to Dismiss Count III on the grounds that the Complaint fails to state sufficient grounds of irreparable harm, that there is no showing of a clear legal right to the relief sought and that a cause of action for declaratory relief has not been stated.

The second mortgage in favor of CITY CONSUMER SERVICES OF FLORIDA, INC. was recorded on May 8, 1984, in the Public Records of Broward County, Florida. The Claim of Lien against ANTHONY A. SIEGEL was recorded on August 19, 1987. The Claim of Lien is for non-payment of a special assessment due July 5, 1987, in the amount of $400.00, plus interest, costs and attorneys fees. Article XIIB of the Declaration provides as follows:

> B. *Mortgage.* No unit owner may mortgage his unit nor any interest therein without the approval of the Association, except for a purchase money mortgage taken back by the Seller of a unit or except to a bank, life insurance company doing business in Florida and approved by the Commissioner of Insurance of the State of Florida, or Federal or State Savings and Building and Loan Association, hereinafter called "approved mortgagee" or sometimes hereinafter referred to as "approved first mortgagee." In this connection, where a mortgage given by one of the institutions herein described fails to be a first mortgage, but it is evident that it is intended to be a first mortgage, it shall, nevertheless, for the purpose of this Declaration, be deemed to be a first mortgage. The approval of any other mortgages may be upon conditions determined by the Board of Directors of the Association, and approval *may unreasonably* be withheld. (Emphasis in original).

At common law, all restraints on alienation, use and enjoyment of fee simple interests in real property were invalid. In more recent times, *reasonable* restraints on the alienation, use and enjoyment of residential condominium units have been upheld although strictly construed. Boyer, Florida Real Estate Transactions Volume I, Section 24.07(2) (1985); *Stirling Village Condominium, Inc. v. Breitenbach,* 251 So.2d 685, 688 (Fla. 4th DCA 1971).

Under Article XIIB no unit owner may mortgage his unit without

the approval of the Board of Directors, which approval may unreasonably be withheld. However, the Declaration creates a special class of mortgage lenders which it designates "approved mortgagees". There are four types of mortgage lenders granted this special status. For the purposes of this motion, CITY CONSUMER is not an "approved mortgagee".

Article XIIB makes no distinction between first mortgagees and second mortgagees or other junior lienholders. It distinguishes between types of lenders and not between priorities of liens. Because the Declaration distinguishes between types of lenders and not between priorities of liens, a buyer can purchase a condominium unit at Wimbledon with no, or very little, money down and can mortgage all or most of the purchase price with an unlimited number of debt instruments so long as the buyer does not borrow the money from any lender other than those in the special class. Assuming the Association has a legitimate interest in discouraging such borrowing, Article XIIB is not reasonably designed to accomplish that goal.

As the provision which the Association seeks to enforce against the mortgagee is contained within the Declaration of Condominium, the provision is clothed with a presumption of reasonableness. *Hidden Harbor Estates, Inc. v. Norman,* 309 So.2d 180 (Fla. 4th DCA 1975). However, it is not reasonable for the Association to create arbitrary and discriminatory classifications among and between different types of lenders without a valid public policy goal. *Pearlman v. Lake Dora Villas Management, Inc.,* 479 So.2d 780 (Fla. 5th DCA 1985).

It is well settled that increased controls and limitations upon the rights of unit owners to transfer and to use their property are necessary concomitants of condominium living. Section 718.104(5), Florida Statutes. Accordingly, restrictions on the unit owners right to transfer, use and enjoy his property are recognized as a valid means of insuring the Association's ability to control the composition of the condominium as a whole. However, restrictions on the right of alienation, use and enjoyment in the context of condominium living will be invalidated when found to violate some external public policy. *Aquarian Foundation, Inc. v. Shalom House, Inc.,* 448 So.2d 1166 (Fla. 3d DCA 1984).

Article XIIB, the Association argues, has the effect of protecting the Association's lien rights against non-institutional lenders and grants the Association an opportunity to investigate such non-institutional lenders to protect its "equity interest" in the property and thereby protect its lien rights. Loans from non-institutional lenders, the Association argues are typically sought by individuals who are not otherwise credit

worthy; the ultimate objective of such non-institutional lenders is not necessarily to lend money, but rather to acquire title to the unit. Thus, the Association argues, a provision of this nature has an additional "screening" function.

Article XIIB does not promote any legitimate interest or concern of the Association. There is nothing inherently undesirable about non-institutional lenders or those individuals who take advantage of their services and there is no reasonable basis for distinguishing between them and other lenders. Article XIIB empowers the Association to act arbitrarily, capriciously and unreasonably in rejecting a unit owner's prospective mortgage lender. The Declaration contains no provision requiring the Association to grant the owner a mortgage loan itself, procure, or assist the owner in procuring a mortgage loan from one of the "approved mortgagees" or, failing either of these, to approve the proposed mortgagee. Article XIIB provides that the approval of any "other mortgagees" may be upon conditions determined by the Board of Directors of the Association, and approval may unreasonably be withheld. The Declaration does not set forth these "conditions". There is no allegation that any such "conditions" have ever been established or determined. Any such conditions would likely change with each change in the members of the Board of Directors.

Plaintiff had constructive notice of Defendant's mortgage for at least three years before the filing of this suit. Plaintiff filed its Complaint because the Defendant, ANTHONY SIEGEL, did not pay a special assessment in the amount of $400.00 which became due July 5, 1987. The mere recording of Plaintiff's mortgage does not have a detrimental effect on the enforcement powers of the Association. Defendant's "unapproved mortgage" does not interfere with the Association's right to foreclose its lien for assessments to any greater extent that any "approved mortgage" would interfere with that right. There is no reason to believe that the lien of the Defendant's mortgage would deter potential bidders at any foreclosure sale. The procedures governing foreclosure sales are the same regardless of the nature or identity of the mortgagee.

Article XIIB constitutes an unreasonable restraint on the alienation, use and enjoyment of the property and is not a basis to extinguish or subordinate Defendant's mortgage. It is, therefore, ORDERED and ADJUDGED that Defendant's Motion to Dismiss Count III of Plaintiff's Complaint is granted with prejudice.

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida this 27th day of April, 1988.