528 So.2d 977 (1988)
Kirk McKAY, Appellant,
v.
Ronnie N. TOWNSON, Appellee.
No. 87-3119.
District Court of Appeal of Florida, Second District.
July 22, 1988.
*978 E. Snow Martin, Jr., of Martin & Martin, P.A., Lakeland, for appellant.
Charles T. Canady and Thomas L. Clarke, Jr., of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee.
SCHEB, Acting Chief Judge.
Kirk McKay challenges a final summary judgment finding certain deed restrictions unenforceable. We reverse.
On October 5, 1976, McKay, appellant here and plaintiff below, conveyed land on which a lake was situated to Ronnie N. Townson's predecessor in interest. The deed contained the following restrictions:
This conveyance is made subject to a reservation in favor of Kirk McKay, his heirs and/or assigns, to retain the right to use the surface of the man made lakes as they exist on the property; provided, however, that neither grantee, his heirs and/or assigns, shall have any responsibility to maintain the said lakes. Grantee, his heirs and/or assigns agrees that there will be no use made of the property being conveyed hereunder that would be detrimental to the use of the property owned by adjacent property owner or property owner lying adjacent to the west. .. .
Subsequently the property was conveyed to Appellee Townson who had constructive knowledge of the restrictions from the public records. McKay retained the land immediately west of the lake property. Citing violation of the two provisions by Townson's dumping of fill dirt into the lake, McKay filed suit on January 20, 1987, seeking a mandatory injunction. The trial court found that both restrictions were "substantially ambiguous" as to be "unenforceable as a matter of law," and granted a final summary judgment in favor of Townson. This appeal by McKay ensued.
Although McKay argues that Townson has violated both restrictions, we think the controversy here essentially involves the provision reserving to McKay the right to use the surface of the lake. The other provision, which proscribes use of the property that would be "detrimental" to McKay's adjacent property, appears to be more relevant to the general use of the land in question.
We recognize that covenants restraining the free use of property are to be strictly construed in favor of the grantee and ambiguity in restrictions must be resolved against the person claiming enforcement. Moore v. Stevens, 90 Fla. 879, 885, 106 So. 901, 903 (1925); Norwood-Norland Homeowners' Assn., Inc. v. Dade County, 511 So.2d 1009, 1014 (Fla. 3d DCA 1987). Yet where, as here, the provision that governs the dispute sufficiently evidences the intention of the parties, it will be enforced. Barrett v. Leiher, 355 So.2d 222, 225 (Fla. 2d DCA 1978).
We think the court erred in finding the restriction ambiguous which reserves unto McKay "the right to use the surface of the man made lakes as they exist on the property." Rather, we think the restriction *979 refers to the lake as it substantially existed at the time of the conveyance, a matter which can be ascertained factually. Furthermore, we believe that to hold the lake restriction unenforceable would be to place within Townson's power the means by which he could abolish a substantial benefit which McKay reserved in his 1976 deed.
We express no opinion as to McKay's entitlement to the relief he seeks. We simply conclude that entitlement to any relief was foreclosed when the trial court determined the restrictions were unenforceable.
Accordingly, we vacate the summary judgment in favor of Townson and remand for proceedings consistent with this opinion.
LEHAN and PARKER, JJ. concur.