605 So.2d 572 (1992)
Jean COTTRELL, Appellant,
v.
Mark R. MISKOVE and Leslie R. Miskove, Appellees.
BEACON GROVES HOMEOWNERS ASSOCIATION, INC., a Florida corporation not for profit, Appellant,
v.
Terrence ECCLESTON and Margaret Eccleston, Appellees.
Nos. 91-04074, 91-04076.
District Court of Appeal of Florida, Second District.
September 25, 1992.
*573 Steven H. Mezer, Clearwater, for appellants.
Carl J. Miller of Miller & Jones Legal Services, P.A., Clearwater, for appellees.
BLUE, Judge.
This is a consolidated appeal involving the enforceability of a subdivision's restrictive covenant which provides, "no commercial vehicles shall be parked uncovered" in streets or driveways. In each case the trial court ruled that the term "commercial vehicle" was clearly ambiguous and denied the injunctive relief sought. We disagree and reverse.
The plaintiffs in the actions below were Jean Cottrell and Beacon Groves Homeowners Association, Inc. (collectively referenced as the "association"). The defendants were Mark and Leslie Miskove and Terrence and Margaret Eccleston (collectively referenced as the "vehicle owners"). The vehicle owners reside in a subdivision having the following provision within its declaration of covenants and restrictions: "No trailers, campers, boats or commercial vehicles of any kind shall be parked on or adjoining the property, unless inside a covered garage, with the exception of delivery vehicles or service vehicles while in the process of performing their services." Each vehicle owner often parked a pickup truck used in his swimming pool-service business on the street or in the driveway. Each truck bore the pool-service's name on the cab and on the rear of the vehicle and contained the tools and supplies necessary for pool service in the exposed bed.
Restrictions are clothed with a very strong presumption of validity because each property owner has adequate notice of the restrictions and purchases his property knowing of, accepting, and relying upon them. Accordingly, courts will not invalidate restrictions unless they are clearly ambiguous, wholly arbitrary, unreasonable in application, or violative of public policy or a fundamental constitutional right. Constellation Condominium Ass'n, Inc. v. Harrington, 467 So.2d 378, 379 (Fla.2d DCA 1985). We recognize that covenants restraining the free use of property are to be strictly construed in favor of the grantee and that ambiguity in a restriction must be resolved against persons claiming enforcement. Where, however, the provision governing the dispute sufficiently evidences the intention of the parties, it will be enforced. McKay v. Townson, 528 So.2d 977, 978 (Fla.2d DCA 1988). We acknowledge the principle that restrictions limit the free use of property. Restrictions also protect the interests of all the other property owners who buy in reliance upon them and courts should, whenever possible, uphold these valuable property rights.
Both counsel as well as this court were unable to locate any reported decision in which the term "commercial vehicle" was held to be vague, ambiguous, or unclear. The words "commercial" and "vehicle" are well defined terms. Black's Law Dictionary 270 and 1554 (6th ed. 1990). Courts have utilized discoverable dictionary meanings when faced with similar questions. Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971), cert. denied, 254 So.2d 789 (1971). When the two words "commercial" and "vehicle" are combined, we hold that they do not become vague, ambiguous, or unclear.
In this particular case, the language in the questioned restriction, which makes an exception for "delivery vehicles or other service vehicles while in the process of performing their service", indicates the association's *574 intent to exclude the motor vehicles in question from being parked on or adjoining the property unless inside a covered garage. Failure to enforce the restriction would thwart the clear intention of all property owners of the subdivision, including those in this case, who have purchased property in reliance upon the restrictive covenants.
The decision of the trial court is reversed, and each of these cases is remanded for further proceedings in conformance with this opinion.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON, J., concur.