993 So.2d 1050 (2008)
Louis A. FIORE and Jean H. Fiore, husband and wife, Appellants,
v.
Richard O. HILLIKER, Smoot, Adams, Edwards & Green, P.A., and Charles B. Edwards, Appellees.
No. 2D06-1865.
District Court of Appeal of Florida, Second District.
March 7, 2008.
*1051 Robert L. Donald of Law Offices of Sherman & Donald, and Theodore L. Tripp, Jr., and Elisa S. Worthington of Garvin & Tripp, P.A., Fort Myers, for Appellants.
J. Matthew Belcastro of Henderson, Franklin, Starnes & Holt, Fort Myers, for Appellee Richard O. Hilliker.
Steven G. Koeppel of Yeslow & Koeppel, P.A., Fort Myers, for Appellees Smoot, Adams & Edwards, P.A.
PRINCE, DICK, Associate Judge.
Louis and Jean Fiore, the owners of riverfront property, appeal from a final summary judgment in which the trial court found that the restrictive covenant prohibiting the construction of a structure on their neighbor's property which partially blocked the Fiores' view of the river was unenforceable because it was not reciprocal. Because we find that the law does not require reciprocal restrictions where property is not subdivided pursuant to a general scheme or plan, we reverse and remand for further proceedings.
At one time, James D. Spivey owned three adjacent parcels of property overlooking the Caloosahatchee River.[1] Mr. Spivey built a home on one parcel and decided to sell the remaining two parcels. Mr. Spivey's house was situated such that if a structure were to be built on either of the remaining two parcels close to the river, then some of Mr. Spivey's view of the river would be blocked. To avoid that possibility, Mr. Spivey sold both remaining parcels to Robert and Anne Sonn with certain restrictions, including the restriction that no structures of a certain height be built on them within twenty-nine feet of the river.[2] The restrictions did not appear *1052 on the face of the deed, but were referred to in the deed as "Schedule B" and were recorded in the Lee County public records. The Sonns built a home on the property without violating the restrictions.
Subsequently, in 1986 Mr. Spivey sold his home to the Fiores. At that time, Mr. Spivey made Mr. Fiore aware of the building restrictions on the adjoining property and gave him a copy of the restrictions that were filed in the public records.
In 1998, Richard Hilliker purchased the Sonns' property. The warranty deed from the Sonns to Mr. Hilliker stated that it was "subject to easements, restrictions and reservations of record." Mr. Hilliker commenced a major renovation of the home, part of which included a gazebo overlooking the river. When it became apparent that the new construction would violate Mr. Spivey's building restrictions, the Fiores brought the restrictions to the attention of Mr. Hilliker and his builder. The issue could not be resolved and the Fiores filed suit.[3]
Ultimately, the Fiores filed a motion for summary judgment contending that the deed restrictions were valid covenants running with the land which they were entitled to enforce and that Mr. Hilliker had constructive notice of the restrictions because they were filed in the public records. Mr. Hilliker also filed a motion for summary judgment arguing that because this restriction limited his ability to build close to the water, but did not place a similar restriction upon the Fiores' property, it was invalid.[4] The trial court agreed with Mr. Hilliker's contention and granted Mr. Hilliker final summary judgment on the ground that "[t]here is no mutual or reciprocal benefit or relationship running to the adjacent parcels currently owned by the Plaintiffs and Defendant." The Fiores filed a motion for rehearing arguing that this proposition of law applies only to subdivisions which are constructed under a general or common scheme rather than individual adjoining landowners and, therefore, is not applicable to the subject properties. They raise the same argument on appeal.
Because this case was decided as a matter of law on summary judgment, this court reviews de novo the issue of whether reciprocity is necessary for the restrictive covenant to be enforceable against Mr. Hilliker's property. See Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla. 2003) (noting that "[a] trial court's ruling on a motion for summary judgment posing a pure question of law is subject to de novo review").
The sole reason cited by the trial court for granting summary judgment to Mr. Hilliker was that there was no mutual or reciprocal benefit or relationship running to the adjacent parcels. However, it is not necessary that a restrictive covenant be reciprocal when the division of property was not made pursuant to a general *1053 scheme or plan. Rather, the restrictive covenant in this case was an agreement creating a negative easement or equitable servitude on the Sonns' property which was contractual in nature. See Homer v. Dadeland Shopping Ctr., Inc., 229 So.2d 834 (Fla.1969); Kilgore v. Killearn Homes Ass'n, 676 So.2d 4 (Fla. 1st DCA 1996). Reasonable, unambiguous restrictions are commonly made and enforced according to the intent of the parties. See Publix Super Markets, Inc. v. Wilder Corp. of Del., 876 So.2d 652 (Fla. 2d DCA 2004); Barrett v. Leiher, 355 So.2d 222 (Fla. 2d DCA 1978). The building restriction in this case is a "negative easement" because it prevents the owner of land subject to the easement "from doing something, such as building an obstruction." Black's Law Dictionary 550 (8th ed. 2004). As happened in this case, a land owner may impose a restrictive covenant as a condition of the sale of all or a portion of his property. See, e.g., McKay v. Townson, 528 So.2d 977 (Fla. 2d DCA 1988) (upholding a restrictive covenant on lake property, reserving the use of the lake to the predecessor in interest).
Here, although the parties' properties were originally owned by a common owner, Mr. Spivey, their subsequent sales were not subject to a general scheme or plan of development subjecting them to mutual restrictions. Cf. Hagan v. Sabal Palms, Inc., 186 So.2d 302, 307 (Fla. 2d DCA 1966) (holding that "[w]here the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions on its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, either on the theory that there is a mutuality of covenant and consideration, or on the ground that mutual negative equitable easements are created"). "A `general building scheme' may be defined as one under which a tract of land is divided into building lots, to be sold to purchasers by deeds containing uniform restrictions." Id. The record in this case shows that there was no general building scheme involving mutual covenants. In fact, the parties stipulated that Mr. Spivey "did not establish a uniform plan or scheme of development or improvement as to the parcels currently owned by the Plaintiffs, Louis A. Fiore and Jean Fiore and the Defendant, Richard O. Hilliker." Accordingly, the trial court erred in granting summary judgment to Mr. Hilliker on that basis.
Mr. Hilliker argues on appeal that because there is neither a common plan nor mutual restrictions, the restriction could be enforced by the Fiores only if there was language in the deed itself expressly giving them the right to do so. Additionally, the appellee law firm argues that the "conditions" in Schedule B on which the Fiores rely were personal to Mr. Spivey, and not covenants running with the land. We decline to address these arguments because they were not raised in Mr. Hilliker's summary judgment motion, nor were they addressed in the trial court's order. See Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61 (Fla. 2d DCA 2005) (holding that in ruling on a motion for summary judgment, the trial court is limited to the grounds raised in the motion); Williams v. Bank of Am. Corp., 927 So.2d 1091 (Fla. 4th DCA 2006) (holding that the trial court may not grant summary judgment on a ground not raised in the motion); Glades Oil Co. v. R.A.I. Mgmt., Inc., 510 So.2d 1193, 1194 (Fla. 4th DCA 1987) (refusing to affirm a summary judgment on an alternative basis because "[i]t is not proper for an appellate court to review matters not ruled upon below").
*1054 Accordingly, we reverse the final summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
CANADY and VILLANTI, JJ., Concur.
NOTES
[1] Mr. Spivey owned another parcel in the area which is not relevant to this appeal.
[2] Specifically, the restriction which is relevant to this appeal states:

2. There shall be no above grade structures including building roof overhangs, waterward or northerly of the line drawn from a point twenty-nine (29') feet south along the Westerly property line from the intersection with the north line of Section 36 to a point on the Easterly property line fifty-five (55') feet North from said North line of Section 36 as shown on sketch marked Exhibit "C" attached herewith taken from sketch prepared by Johnson Engineering, Inc., excepting a gazebo, trellis, pool building, planters, deck and etc., provided the maximum elevation of said structures shall not exceed a ground elevation of five (5') feet and a building elevation of ten (10') feet, with reasonable tolerances to be accepted.
[3] Mr. Hilliker also filed a third-party complaint against the attorney and his law firm who had handled the real estate transaction on his behalf when he purchased the property from the Sonns. It alleged that the restrictions had not been disclosed on Mr. Hilliker's title-insurance commitment, and that he would not have purchased the property had he known of the restrictions. The attorney filed his answer to third-party complaint denying liability.
[4] The third-party defendants did not seek summary judgment, but did file a memorandum in support of Mr. Hilliker's motion.